KELLY D. NEPHEW AND DENISE J. NEPHEW, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Nephew v. Commissioner
Docket No. 9731-87.
United States Tax Court
T.C. Memo 1989-32; 1989 Tax Ct. Memo LEXIS 32; 56 T.C.M. (CCH) 1122; T.C.M. (RIA) 89032; January 18, 1989. *32 Held: Petitioners, members of the Seneca Indian tribe, are not exempt from taxation on their income. Kelly D. Nephew, pro se. Anne M. DiFonzo, for the respondent. WHITAKER
MEMORANDUM FINDINGS OF FACT AND OPINION WHITAKER, Judge: By statutory notice dated January 23, 1987, respondent determined a deficiency in petitioners' 1984 Federal income tax in the amount of $ 8,163.00. Respondent determined that petitioners were liable for an addition to tax pursuant to section 6651(a)(1)[1] in the amount of $ 1,505.50, and an addition to tax pursuant to section 6654(a) in the amount of $ 344.97. [2]
This case was set for trial at the Court's regular session in Buffalo, New York, commencing on May 9, *33 1988. On February 5, 1988, respondent filed a motion for partial summary judgment pursuant to Rule 121, which was heard at the call of the calendar on May 9, 1988. That motion challenges petitioners' claimed exemption from Federal income taxes on wages, interest, and a distribution from an annuity, by reason of certain treaties between the United States and the Seneca Indian tribe. At the hearing, petitioner Kelly Nephew, appearing on behalf of both petitioners, filed an affidavit in response to respondent's motion. That affidavit argues that members of the Seneca Indian tribe are exempt from Federal income taxation, citing portions of "The Treaty of The Six Nations, 1794," the "Treaty of Ghent, December 24, 1814," the United States Constitution and Title 25 of the United States Code. There being no dispute as to any material fact, the motion for partial summary judgment may be decided upon this record. Rule 121. The issues not addressed in respondent's motion involve the taxability of income received by petitioner Denise Nephew and petitioners' liability for additions to tax pursuant to section 6651(a)(1) and 6654(a). At the hearing, Kelly Nephew informed the Court that petitioners *34 had no further proof. Accordingly, these additional issues were submitted on the same proof as the motion for partial summary judgment. For convenience, our Findings of Fact and Opinion are combined. Petitioners, who are members of the Seneca Indian tribe, were residents of Irving, New York, at the time their petition was filed. Petitioner Kelly Nephew was employed as a journeyman inside wireman, while petitioner Denise Nephew was a housewife. On their Federal income tax return for 1984, petitioners reported adjusted gross income in the amount of $ 45,926.00. However, they reported their taxable income as zero, claiming that they were exempt from tax. The basis for this claimed exemption is the authorities cited in the affidavit filed by Kelly Nephew at the May 9, 1988, hearing in Buffalo, New York. In Squire v. Capoeman,351 U.S. 1, 6 (1955), the Supreme Court stated that "Indians are citizens and * * * in ordinary affairs of life not governed by treaties or remedial legislation, they are subject to the payment of income taxes as are other citizens." The claimed exemption from Federal income taxation must be based upon "express exemptive language in some statute or treaty." United States v. Anderson,625 F.2d 910, 913 (9th Cir. 1980). *35 The continuing validity of these provisions was recently recognized by us in Estate of Peterson v. Commissioner,90 T.C. 249 (1988) (guarantee of fishing rights in Chippewa-United States treaty does not exempt from Federal income taxation the income generated by the exercise of those rights). Petitioners have not supported their position by relying upon explicit language from either treaty or statute, and we believe there to be none. Respondent's motion for partial summary judgment will be granted. Petitioners have presented no evidence concerning the tax-exempt status of income received by Denise Nephew other than the affidavit submitted in response to respondent's motion. Neither have they shown that their failure to file their 1984 Federal income tax return in a timely manner was due to reasonable cause, or that their failure to pay estimated tax is covered by any of the exceptions set forth in section 6654(e). Petitioners having failed to carry their burden of proof, cf. Welch v. Helvering,290 U.S. 111 (1933), we find for respondent on these issues. An appropriate order and decision will be entered for respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. ↩
2. On December 5, 1985, respondent assessed a frivolous income tax return penalty against petitioners pursuant to section 6702. We have no jurisdiction over that assessment, since deficiency procedures do not apply to the assessment or collection of the penalties provided for by section 6702. Sec. 6703(b).↩