MARK DANA GEORGE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
George v. Commissioner
Docket No. 3523-89
United States Tax Court
T.C. Memo 1989-401; 1989 Tax Ct. Memo LEXIS 399; 57 T.C.M. (CCH) 1168; T.C.M. (RIA) 89401; August 1, 1989
*399 Held: P, a member of the Onondaga Nation of Indians, is not exempt from taxation on his income. Mark Dana George, pro se. Timothy M. Cotter and Jack Panitch, for the respondent. NIMS
MEMORANDUM OPINION NIMS, Chief Judge: By statutory notice dated January 13, 1989, respondent determined a deficiency in petitioner's 1985 Federal income tax in the amount of $ 12,174.59. On May 25, 1989, respondent filed a motion for summary judgment pursuant to Rule 121, Tax Court Rules of Practice and Procedure, which was heard by the Court on July 12, 1989. Petitioner did not appear at the hearing on this motion. However, on July 24, 1989, petitioner submitted a written statement in lieu of an appearance which the Court in its discretion gave leave to file pursuant to Rule 50(c), Tax Court Rules of Practice and Procedure.
Respondent's motion challenges petitioner's claimed exemption from Federal income taxes by reason of certain treaties between the United States and the Onondaga Nation of Indians. Petitioner asserted in his written statement and in an affidavit filed with his petition that members of the Onondaga Nation of Indians are exempt from Federal income *400 taxation, citing portions of the "The Treaty of The Six Nations, 1794," the "Treaty of Ghent, December 24, 1814," the United States Constitution and Title 25 of the United States Code. There being no dispute as to any material fact, the motion for summary judgment may be decided upon this record. Rule 121, Tax Court Rules of Practice and Procedure. For convenience our Findings of Fact and Opinion are combined. Petitioner is a member of the Onondaga Nation of Indians, a constituent Nation of the Iroquois Confederacy. At the time his petition was filed, petitioner resided in Syracuse, New York. During 1985 petitioner was employed by L. K. Comstock Co., Inc. in the construction of the Nine Mile Power Plant near Oswego, New York. On the joint return that he filed with his former wife, Jolanta F. George, petitioner reported adjusted gross income in the amount of $ 57,836.67. However, petitioner reported his taxable income as zero, claiming that he was exempt from taxation. Petitioner rests his claimed exemption on the authorities cited in his written statement and affidavit. Petitioner's reliance is misplaced. In Squire v. Capoeman, 351 U.S. 1, 6 (1956), the *401 Supreme Court stated that "Indians are citizens and that in ordinary affairs of life, not governed by treaties or remedial legislation, they are subject to the payment of income taxes as are other citizens." Thus, to prevail herein, petitioner must base his claimed exemption upon "express exemptive language in some statute or treaty." United States v. Anderson, 625 F.2d 910, 913 (9th Cir. 1980). We recognized the continuing vitality of these precedents in Estate of Peterson v. Commissioner, 90 T.C. 249, 250 (1988). Petitioner has failed to support his position with explicit language from either treaty or statute and we believe there to be none. See Nephew v. Commissioner, T.C. Memo. 1989-32. Accordingly, we find that petitioner is not exempt from taxation on his income. An appropriate order and decision will be entered for the respondent.