T.C. Memo. 1999-35

UNITED STATES TAX COURT

DAVID C. SYLVESTER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10777-97.                    Filed February 4, 1999.

David C. Sylvester, pro se.

<u>Jeremy L. McPherson</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

GOLDBERG, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182.  All section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency in petitioner's 1994 Federal income tax in the amount of $2,644 and additions to tax pursuant to sections 6651 and 6654 in the amounts of $661 and $136.26, respectively.

After a concession by respondent,[1] the issues for decision are: (1) Whether petitioner is exempt from Federal income taxation because of his status as a member of the Seneca Nation; (2) whether $50 of income is includable in the 1994 tax year if petitioner is not exempt from Federal income taxation; (3) whether petitioner is entitled to claim head-of-household filing status for 1994; (4) whether petitioner is entitled to claim a dependency exemption deduction under section 151 for the 1994 tax year with respect to his son; and (5) whether petitioner is liable for an addition to tax pursuant to section 6654 for failure to pay estimated income tax for the 1994 tax year.

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time that the petition was filed, petitioner resided in Sacramento, California.

                          FINDINGS OF FACT

Petitioner is a member of the Seneca Nation. The Seneca Nation is a member of the Iroquois Confederacy of the Six

---

[1] Respondent has conceded that petitioner is not liable for the addition to tax under sec. 6651 for failure to file a Federal income tax return for the 1994 tax year.

Nations.  Other members include the Mohawk, Oneida, Onondaga, Cayuga, and Tuscarora nations.

In 1994, petitioner was employed by Schindler Elevator Corporation (Schindler) and was, apparently later in 1994, also employed by Dover Elevator Company (Dover).

Schindler paid petitioner $16,005 in wages for the 1994 tax year and withheld FICA taxes from petitioner's wages, but did not withhold any Federal income tax.  Dover paid petitioner $440 in wages in 1994.  Dover withheld FICA and $27 of Federal income tax.  The State of California also paid petitioner unemployment compensation in the amount of $7,360 in 1994.

In 1996, petitioner was contacted by the Internal Revenue Service (IRS) because he had failed to file a 1994 Federal income tax return.  In response to the IRS letter, petitioner mailed a copy of a 4-page affidavit to the IRS which he had signed on April 6, 1988.

In the affidavit, petitioner contended that he was exempt from paying Federal income tax because he was a member of the Seneca Nation.  Petitioner has apparently mailed a copy of this affidavit to the IRS for every tax year from 1988 to 1994. Petitioner has not filed a Federal income tax return since 1988.

On September 16, 1996, the IRS mailed a letter to petitioner which stated that based on (unspecified) information provided by petitioner, petitioner was not legally required to file a Federal

income tax return for the 1994 tax year.  The IRS mailed similar letters to petitioner for the 1989-93 tax years.

In a notice of deficiency dated April 18, 1997, respondent determined a deficiency in petitioner's 1994 Federal income tax in the amount of $2,644.  The deficiency is based on petitioner's failure to report wage income of $16,445, interest income of $50, and unemployment income of $7,360.  Respondent calculated the deficiency based on single-filing status, one personal exemption allowance, and the standard deduction.

In January 1998, after the filing of the petition in this case, petitioner filed his 1994 Federal income tax return with the IRS in Ogden, Utah.  Petitioner sought to withdraw his Tax Court petition and litigate the issue of the taxability of his income in a United States District Court.[2]

OPINION

1.  Federal Income Tax Exemption

Petitioner contends that he is exempt from Federal income tax based on language contained in the Treaty of the Six

---

[2]    Petitioner's oral motion to withdraw his Tax Court petition was made at the call of the calendar on Mar. 2, 1998, and was denied.

Nations,[3] the Treaty of Ghent,[4] and the Jay Treaty.[5]  Petitioner further contends that he is exempt from taxation under the provisions of article 1, section 2, clause 3 of the U.S. Constitution, and section 2 of the 14th Amendment to the Constitution.

In further support of his claim of a Federal income tax exemption, petitioner also apparently contends that he was specifically hired by his employer because he is a member of the Seneca Nation and that this is an additional reason for exempting his wages from the Federal income tax.  Petitioner testified that he was hired to work "high rise" specifically because he was an Indian: "[O]ne of the reasons why [I] got the job was the Indians back in New York, all worked high rise."

Petitioner contends that "The Federal Government and Congress intended to exempt Indians from taxation by a guarantee of total [tax] exemption through several treaties made with them et al."

In Lazore v. Commissioner, 11 F.3d 1180 (3d Cir. 1993), affg. in part and revg. in part on another ground T.C. Memo.

---

[3]    The treaty is known as the Treaty of Canadaigua or the Treaty of the Six Nations, Nov. 11, 1794, 7 Stat. 44.

[4]    The treaty is known as the Treaty of Peace and Amity or the Treaty of Ghent, Dec. 24, 1814, 8 Stat. 218, T.S. 109.

[5]    The treaty is known as the Treaty of Amity, Commerce, and Navigation or the Jay Treaty, Nov. 19, 1794, 8 Stat. 116, T.S. 105.

1992-404, the taxpayer, a member of the Mohawk Nation, contended that members of the Iroquois Confederacy of the Six Nations were exempt from Federal income taxation on the basis of the same legal sources petitioner now relies on: The Treaty of the Six Nations, the Jay Treaty, the Treaty of Ghent, and the Constitution.[6]

The United States Court of Appeals for the Third Circuit held that neither the treaties nor the cited provisions of the Constitution created a Federal income tax exemption for members of the Iroquois Confederacy of the Six Nations.

This Court has also specifically held that members of the Seneca Nation were not exempt from Federal income taxes based on the same legal sources relied on by petitioner.[7] Nephew v. Commissioner, T.C. Memo. 1989-32.

Existing case law is clear and specific. We find that petitioner is not exempt from taxation because of his status as a member of the Seneca Nation. Additionally, petitioner's apparent contention that his income is somehow attributable to his status as a member of the Seneca Nation is vague and unsupported by the record, and we find that none of petitioner's income was derived

---

[6] Specifically, U.S. Const. art. I, sec. 2, cl. 3, and U.S. Const. amend. XIV, sec. 2. These are the same provisions on which petitioner relies.

[7] It should also be noted that the taxpayer in Nephew v. Commissioner, T.C. Memo. 1989-32, submitted essentially the same affidavit as petitioner.

directly or indirectly from the use of Indian land, or from services performed on Indian land, or related in any way to petitioner's status as a member of the Seneca Nation.  Respondent is sustained on this issue.

We hold that petitioner is not exempt from Federal income taxes either because of his status as a member of the Seneca Nation, or because of the source of his income in this case. Furthermore, petitioner was required to file an income tax return for 1994 because he meets the requirements of section 6012.

2.  Bond Interest Income

Petitioner does not question the inclusion in gross income of wages and unemployment compensation if he is found to be subject to the Federal income tax.  However, petitioner contests the inclusion of $50 of bond interest income[8] for the 1994 tax year.

Respondent determined that petitioner received $50 in taxable proceeds in 1994 from A.G. Edwards & Sons, Inc. (A.G. Edwards).  Respondent based his determination on a Form 1099-B received from A.G. Edwards.  At trial, petitioner admitted that he received $50 of bond interest, but argued that the amount is

---

[8]    This income was characterized as bond interest by petitioner and as "proceeds from broker transactions" by respondent.

not properly includable in the 1994 tax year because he did not purchase any "stocks or bonds" until 1997.[9]

In this case, petitioner does not contest the amount of income received from bond interest. Petitioner's sole contention is that the interest income was not includable in income for the 1994 tax year because he "thinks" that he did not purchase or own any stocks or bonds until 1997. Petitioner offered to provide documentation of his contention to this Court, but failed to do so.

Upon the basis of the record, we find that petitioner received $50 in gross income from A.G. Edwards for the 1994 tax year. Respondent is sustained on this issue.

3. Head-of-Household Status

Petitioner contends that his correct filing status is head of household.

Petitioner testified that his 13-year-old son lived with him for the entire taxable year, and both parties have stipulated that petitioner was unmarried at all times during 1994.

Section 2(b) defines a head of household, in pertinent part, as an individual who is not married as of the end of the tax year and who maintains as his home a household which constitutes for more than one-half of such taxable year the principal place of abode of an unmarried son as a member of that household.

---

[9] Petitioner included the $50 in the $16,495 amount reported on line 7 as Wages, salaries, tips, etc., on his 1994 income tax return.

Upon the basis of the record, we find that petitioner satisfied the head of household filing requirements of section 2(b). We therefore hold that petitioner is entitled to file as head of household for the 1994 tax year.

4. Dependency Exemption Deductions

Petitioner claimed a dependency exemption deduction on his 1994 Federal income tax return.

Deductions are a matter of legislative grace, and the taxpayer bears the burden of proving that he is entitled to any deductions claimed. INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992).

Section 151 allows a taxpayer to deduct an exemption amount for each dependent as defined in section 152. The term "dependent" includes a taxpayer's son over half of whose support for the calendar year is received from the taxpayer. Sec. 152(a)(1).

Petitioner testified that his son lived with him for the entire 1994 tax year, and it is clear from the record that petitioner met the support requirement of section 152 by providing over half of his son's support for the 1994 tax year.

We find that petitioner satisfied the requirements of section 151, and, therefore, hold that petitioner is entitled to a dependency exemption deduction for his son for the 1994 tax year.

5. <u>Addition to Tax</u>

Section 6654(a) imposes an addition to tax where prepayments of tax, either through withholding or estimated quarterly tax payments during the year, do not equal the percentage of total liability required under the statute.  However, the addition to tax is not imposed if the taxpayer can show that one of several statutory exceptions applies.  Sec. 6654(e).

Petitioner is a cash-method taxpayer whose tax year is the 12-month calender year.  It is undisputed that he did not have any Federal income tax liability for the 1993 tax year. Additionally, petitioner is a United States citizen.

Section 6654(e)(2) states that no addition to tax will be imposed for any taxable year if:  (A) the preceding taxable year was a taxable year of 12 months; (B) the taxpayer did not have any liability for tax for the preceding taxable year; and (C) the individual was a citizen or resident of the United States throughout the preceding taxable year.

Upon the basis of the record, we find that petitioner meets the requirements of section 6654(e)(2) and is therefore not liable for an addition to tax under section 6654(a) for the 1994 tax year.

To reflect the foregoing,

<u>Decision will be entered under Rule 155</u>.