T.C. Memo. 1999-173

UNITED STATES TAX COURT

ROBERT LEONARD BARNETT, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 2311-98.                        Filed May 20, 1999.

Robert Leonard Barnett, pro se.

<u>Philip G. Owens</u>, for respondent.

MEMORANDUM OPINION

BEGHE, <u>Judge</u>:  Respondent determined the following

deficiencies in and additions to petitioner's Federal income tax:

|        |            | Additions to Tax | |
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6654(a) |
|------|-----------|-----------------|--------------|
| 1994 | $6,735    | $1,387          | $280         |
| 1995 | 8,141     | 2,035           | 317          |

All section references are to the Internal Revenue Code in effect for the years at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Background

Petitioner has not filed Federal income tax returns for the years in question. Respondent's determinations are based primarily on petitioner's receipt of wage income as a teacher and pension income from prior employment, plus small amounts of self-employment and interest income. The only ground upon which petitioner's timely filed petition contests respondent's determinations is that "As a direct descendant of the First Nations of this continent ('Indian') I am not taxed under the provisions of ARTICLE 1 [sic], SECTION 2, OF THE CONSTITUTION OF THE UNITED STATES".

When petitioner filed his petition, he gave his address as Waterview, Kentucky, and designated Louisville, Kentucky, as the place of trial. However, the case was continued from the Court's January 11, 1999, Louisville trial session because petitioner had taken a temporary teaching position at the Oglala Sioux Reservation at Pine Ridge, South Dakota.

The case is before the Court on respondent's motion for summary judgment under Rule 121. In his response to respondent's motion, petitioner relies, as he does in his petition, upon Article I, Section 2 of the U.S. Constitution as the basis of his

claim to exemption. Petitioner, in his response, also complains that respondent has failed to explain the grounds for respondent's determination and has failed to identify for petitioner's benefit the treaties or statutes that might entitle him, independently of the provisions of the U.S. Constitution, to exemption from Federal income tax. However, petitioner has not pleaded or otherwise identified to respondent or the Court any facts regarding petitioner's status as a member of any Indian nation or tribe that might entitle him to exemption from Federal income tax under any statute or treaty.

In his response to respondent's motion, petitioner also asserts--for the first time--that if he should be mistaken in his claim to exemption from Federal income tax, he is entitled to itemized deductions for charitable contributions and payments of home mortgage interest, which would substantially reduce his tax liabilities, that he had and continues to have reasonable cause for not filing tax returns, and that additions for failure to pay estimated tax should not be imposed.

## Discussion

Respondent's motion will be granted in part, insofar as we sustain respondent's determinations that petitioner is not exempt from Federal income tax and that petitioner is liable for estimated tax additions on any deficiencies that we may ultimately redetermine.

Respondent's motion for summary judgment will be denied in part, insofar as petitioner will be given the opportunity to amend his petition to plead and at a trial to prove the facts that bear on his belated assertions of entitlement to itemized deductions and of reasonable cause for failure to file returns.

1.   Petitioner's Constitutional Argument

Article I, Section 2 of the U.S. Constitution states in relevant part:

> Representatives and direct Taxes shall be apportioned among the several States which may be included within this Union, according to their respective Numbers, which shall be determined by adding to the whole Number of free Persons, including those bound to Service for a Term of Years, and excluding Indians not taxed, three fifths of all other Persons.[1]

It is well settled that the phrase "excluding Indians not taxed" is simply part of an apportionment provision designed to determine the number of representatives for each State and to correctly apportion the direct taxes among the States.  In apportioning the representatives and direct taxes among the States, "Indians not taxed" were excluded from the count.  United States v. Kagama, 118 U.S. 375, 378 (1886).  Although, at the time the Constitution was adopted, some Indians were taxed, while

_____

[1] Amended in respects not germane to this inquiry by sec. 2 of the Fourteenth Amendment with respect to the mode of apportionment of representatives among the several States and by the Sixteenth Amendment with respect to taxes on income without apportionment.

others were not, see <u>Dillon v. United States</u>, 792 F.2d 849 (9th Cir. 1986), affg. <u>Cross v. Commissioner</u>, 83 T.C. 561 (1984), the phrase does not create a general tax exemption for Indians.  See <u>Jourdain v. Commissioner</u>, 71 T.C. 980, 988 (1979), affd. per curiam 617 F.2d 507, 509 (8th Cir. 1980); <u>United States v. Brown</u>, 824 F. Supp. 124 (S.D. Ohio 1993).  Therefore, the Constitutional phrase "Indians not taxed" provides no tax exemption for petitioner.

2.    <u>Petitioner's Tax Status Under Statute or Treaty</u>

It is also well settled that general acts of Congress, including the Internal Revenue Code, apply to Indians unless a statute or a treaty expressly exempts them.  See <u>FPC v. Tuscarora Indian Nation</u>, 362 U.S. 99, 115-117 (1960); <u>Superintendent of Five Civilized Tribes v. Commissioner</u>, 295 U.S. 418, 420-21 (1935).

As the Supreme Court said in <u>Squire v. Capoeman</u>, 351 U.S. 1, 6 (1956):

> We agree with the Government that Indians are citizens and that in ordinary affairs of life, not governed by treaties or remedial legislation, they are subject to the payment of income taxes as are other citizens.  * * *

The prevailing rule is that all statutes of general application apply to American Indians absent an express exemption found in a statute or a treaty.  See <u>Lazore v. Commissioner</u>, 11 F.3d 1180 (3d Cir. 1993), affg. in part and revg. in part on

another ground T.C. Memo. 1992-404; <u>Sylvester v. Commissioner</u>,
T.C. Memo. 1999-35; <u>United States v. Brown</u>, <u>supra</u> at 128.
Petitioner has not relied on any statute or treaty that entitles
him to exemption from Federal taxation by reason of his
membership in any Indian nation or tribe--if any such there be--
whose members enjoy such exemption.  Petitioner neither
identified the Indian nation or tribe in which he claims
membership nor brought to our attention any statute or treaty
that grants any such exemption from the Federal income tax laws
for interest and income derived from employment as an employee or
independent contractor.  Consequently, petitioner is not exempt
from the provisions of the Internal Revenue Code, and the amounts
determined by respondent, which petitioner does not otherwise
contest, are included in his gross income for Federal income tax
purposes.

As the Court of Appeals said in <u>LaFontaine v. Commissioner</u>,
533 F.2d 382, 382 (8th Cir. 1976), affg. per curiam T.C. Memo.
1975-165:

> Although the taxpayer [a certified member of the
> Turtle Mountain Band of Chippewa Indians and Chief of
> the Grand Council of Confederated Nations] has cited
> more than thirty treaties, he has failed to point to
> any provision in any of the treaties which exempts his
> wages from federal income taxation because he is an
> Indian.  The Tax Court was also unable to find any
> exempting provision.  As the taxpayer has failed to
> demonstrate his right to an exemption, the decision of
> the Tax Court is affirmed.

3.    Estimated Tax Addition

Section 6654 provides for an addition to the tax in the case of any underpayment of estimated tax by an individual. Petitioner's basis for his failure to pay estimated tax is that, as an American Indian, he is not subject to tax.

Section 6654 is mandatory unless at least one of the exceptions contained in section 6654(e) applies.  In addition, unless an individual's situation fits the limited circumstances of section 6654(e)(3), it is irrelevant whether there was reasonable cause, a lack of willful neglect, or extenuating circumstances for underpayment of estimated tax.  See Mitchell v. Commissioner, 51 T.C. 641, 648 (1969), revd. on other grounds 430 F.2d 1 (5th Cir. 1970), revd. on other grounds 403 U.S. 190 (1971).  Petitioner has not alleged that he comes within the limited circumstances of section 6654(e)(3) for which a waiver is available, or that he fits within any of the other exceptions contained in section 6654(e).  Petitioner is subject to the additions to tax under section 6654.

4.    Remaining Issues for Trial

We doubt, on the basis of the arguments and authorities in respondent's motion, that petitioner will be able to prove facts that will persuade the Court that he had reasonable cause for failure to file returns.  See United States v. Boyle, 469 U.S. 241 (1985); Logan Lumber Co. v. Commissioner, 365 F.2d 846 (5th

Cir. 1966); <u>Fides v. Commissioner</u>, 137 F.2d 731 (4th Cir. 1943); <u>Stevens Bros. Found., Inc. v. Commissioner</u>, 39 T.C. 93 (1962), affd. in part and revd. in part on other grounds 324 F.2d 633 (8th Cir. 1963). Nevertheless, we will return the case to the Court's general docket for trial on this remaining issue, as well as on the issue of petitioner's entitlement to itemized deductions. The parties should attempt to settle the case by agreement on these issues.

<u>An appropriate order</u>

<u>will be issued</u>.