115 T.C. No. 25

UNITED STATES TAX COURT

HENRY HERMANUS VAN ES, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 1134-00L.                    Filed October 13, 2000.


        With regard to P's 1994 tax year, R assessed a tax
deficiency (along with penalties and interest) and
three sec. 6702, I.R.C., frivolous return penalties
(along with related interest), of which R collected a
portion.  As to the uncollected portion of those
amounts, R issued a levy notice.  Pursuant to sec.
6330(b), I.R.C., P requested an Appeals hearing from
R's Appeals Office.  After review, an Appeals officer
issued to P a notice of determination pursuant to sec.
6330, I.R.C., stating that the levy should proceed.
With respect to the Appeals officer's determination, P
thereafter filed a petition with this Court challenging
the merits of R's assessment of the (collected and
uncollected) frivolous return penalties and related
interest amounts.

        Held, P is not entitled to the protections of sec.
6330, I.R.C., for amounts collected before the
effective date of the Internal Revenue Service
Restructuring and Reform Act of 1998, Pub. L. 105-206,
sec. 3401, 112 Stat. 685, 746-750.

Held, further, the Court lacks jurisdiction to review the Appeals officer's determination that the levy with regard to the uncollected frivolous return penalties and related interest should proceed.  See Moore v. Commissioner, 114 T.C. 171 (2000).


Henry H. Van Es, pro se.

Thomas R. Mackinson, for respondent.


OPINION

VASQUEZ, Judge:  Petitioner filed a petition in response to respondent's Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (notice of determination).[1]  In the petition, petitioner disputes respondent's assessment of section 6702 frivolous return penalties (and related interest) and alleges that respondent has violated his Fifth Amendment rights as a result of that assessment.  Because under section 6703 we lack jurisdiction to review assessments of section 6702 frivolous return penalties, respondent filed a motion to dismiss the petition for lack of jurisdiction.  Petitioner concedes the issue to the extent that he can file a petition with a U.S. District Court within 30 days of the dismissal of the instant case.[2]

_____

[1]  Unless otherwise indicated, all section references are to the Internal Revenue Code as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2]  For purposes of respondent's motion, petitioner does not dispute various factual allegations that are part of the record.

## Background

At the time the petition was filed, petitioner resided in San Francisco, California. The amounts for which petitioner seeks relief relate to his 1994 tax year.

The Internal Revenue Service (IRS) assessed an income tax deficiency (along with penalties and interest) and three section 6702 frivolous return penalties (and related interest) with regard to petitioner's 1994 tax return. On February 4, 1999, after previously collecting and applying $1,019 to the outstanding liability related to the section 6702 frivolous return penalties and related interest (prior collection activities), respondent issued a Notice of Intent to Levy and Notice of Your Right to a Hearing (levy notice) to petitioner with regard to the outstanding balance of the income tax deficiency (and related penalties and interest) and the section 6702 frivolous return penalties (and related interest). See sec. 6330(a). In the levy notice, among other items, the IRS asserted that petitioner had an outstanding balance of $500 for the section 6702 frivolous return penalties and $59 for interest related to those penalties. The outstanding balance for the 1994 tax year as presented in the levy notice is reproduced below:

| Form Number | Tax Period | Unpaid Amount from Prior Notices | Additional Penalty & Interest | Amount You Owe |
|---|---|---|---|---|
| 1040 | 12/31/94 | $1,227.91 | $498.85 | $1,726.76 |
| civ pen | 12/31/94 | 500.00 | 58.56 | 558.56 |

Pursuant to section 6330(b), petitioner requested a hearing

(Appeals hearing) from the Internal Revenue Service Office of Appeals (Appeals Office).  Petitioner contested all amounts listed in the levy notice by making constitutional arguments, including the violation of his Fifth Amendment rights.

On December 17, 1999, an Appeals officer sent petitioner a notice of determination pursuant to section 6330.  In the notice of determination, the Appeals officer determined that because petitioner raised only constitutional issues (and did not raise issues listed in section 6330(c)(2)(A)) with regard to the unpaid amounts, the levy should proceed.

Petitioner thereafter appealed the Appeals officer's notice of determination to this Court, using a preprinted "Petition" form available to taxpayers seeking review of deficiency determinations made by the Commissioner.  Under the headings "Amount of Deficiency Disputed" and "Addition to Tax (Penalty) if any, Disputed", petitioner wrote "All penalties and interest" and "$1,000 + interest and penalties from date of assessment", respectively.  Petitioner also provided an explanation for instituting the suit:

> All IRS forms submitted for the 1994 Tax year were
> signed under "Reservation of Rights".  Two frivolous
> tax return penalties were assessed against me.  These
> two penalties violate my 5th Amendment right.  In
> addition the statement attached to my 1994 return
> stated clearly that the return was filed
> "involuntarily".  Also violated was 42 USC 1983.

## Discussion

Section 6331(a) provides that, if any person liable to pay any tax neglects or refuses to do so within 10 days after notice and demand, the Secretary can collect such tax by levy upon property belonging to such person.  Pursuant to section 6331(d), the Secretary is required to give the taxpayer notice of his intent to levy and within that notice must describe the administrative review available to the taxpayer, before proceeding with the levy.  See also sec. 6330(a).

Section 6330(b) describes the administrative review process, providing that a taxpayer can request an Appeals hearing with regard to a levy notice.  At the Appeals hearing, the taxpayer may raise certain matters set forth in section 6330(c)(2), which provides in pertinent part as follows:

> SEC. 6330(c).  Matters Considered at Hearing.--In the case of any hearing conducted under this section--
>
> * * * * * * *
>
> (2) Issues at hearing.--
>
>> (A)  In general.--The person may raise at the hearing any relevant issue relating to the unpaid tax or the proposed levy, including--
>>
>>> (i) appropriate spousal defenses;
>>>
>>> (ii) challenges to the appropriateness of collection actions; and
>>>
>>> (iii) offers of collection

> alternatives, which may include the
> posting of a bond, the substitution
> of other assets, an installment
> agreement, or an offer-in-
> compromise.
>
> (B)  Underlying liability.--The person
> may also raise at the hearing challenges to
> the existence or amount of the underlying tax
> liability for any tax period if the person
> did not receive any statutory notice of
> deficiency for such tax liability or did not
> otherwise have an opportunity to dispute such
> tax liability.

Pursuant to section 6330(d)(1), within 30 days of the issuance of the notice of determination, the taxpayer may appeal that determination to this Court if we have jurisdiction over the underlying tax liability.  If we do not have jurisdiction over the underlying tax liability, then the appeal is to be made to a U.S. District Court.  See sec. 6330(d)(1).

 Respondent interprets the petition as seeking review of the section 6702 frivolous return penalties and not the "unpaid income tax assessment."  Petitioner does not object to that interpretation of the petition.  After reviewing the petition and the record, we conclude that petitioner seeks review of all of respondent's collection activities with regard to the section 6702 frivolous return penalties assessed, including related interest.

We view the references to "$1,000" and "two frivolous tax return penalties" in the petition as petitioner's attempt to contest respondent's prior collection activities which were not

the subject of the levy notice or the notice of determination. Because the prior collection activities were initiated and completed before the effective date of section 6330, petitioner is not entitled to the protections of that section for those collection activities. See Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. 105-206, sec. 3401, 112 Stat. 685, 746-750 (which created new section 6330 and provided for an effective date of 180 days after July 22, 1998). To the extent that the petition refers to respondent's prior collection activities, we dismiss that part of the petition for lack of jurisdiction.

Pursuant to section 6330(d)(1), respondent moves to dismiss the petition on the basis that we lack jurisdiction to review respondent's assessment of the uncollected section 6702 frivolous return penalties. Section 6330(d)(1) provides the following:

SEC. 6330(d). Proceeding After Hearing.--

(1) Judicial review of determination.--The person may, within 30 days of a determination under this section, appeal such determination--

(A) to the Tax Court (and the Tax Court shall have jurisdiction to hear such matter); or

(B) if the Tax Court does not have jurisdiction of the underlying tax liability, to a district court of the United States.

If a court determines that the appeal was to an incorrect court, a person shall have 30 days after the court determination to file such appeal with the correct court. [Emphasis added.]

In <u>Katz v. Commissioner</u>, 115 T.C. ___, ___ (2000) (slip op. at 17), we interpreted the term "underlying tax liability" as including any amounts owed by a taxpayer pursuant to the tax laws that are the subject of the Commissioner's collection activities.

Pursuant to our recent decision in <u>Moore v. Commissioner</u>, 114 T.C. 171 (2000), respondent argues that we do not have jurisdiction over the underlying tax liability; i.e., the section 6702 frivolous return penalties. In <u>Moore v. Commissioner</u>, <u>supra</u> at 175, we observed that our deficiency jurisdiction generally is limited to the redetermination of income, estate, and gift taxes. See secs. 6211, 6213(a). We interpreted section 6330(d)(1)(A) and (B) as not expanding the Court's jurisdiction beyond the types of taxes over which the Court has jurisdiction. See <u>Moore v. Commissioner</u>, <u>supra</u> at 175. We concluded that because we did not have jurisdiction to redetermine Federal trust fund taxes determined by the Commissioner under section 6672, we did not have jurisdiction to review an Appeals officer's determination pursuant to section 6330 with regard to those taxes. See <u>id.</u>

Just as in <u>Moore</u>, in which we held that we did not have jurisdiction to redetermine Federal trust fund taxes, we hold that we do not, in the instant case, have jurisdiction to redetermine the frivolous return penalties assessed pursuant to section 6702. See sec. 6703(b) and (c); <u>Hansen v. Commissioner</u>, T.C. Memo. 1996-158; <u>Nephew v. Commissioner</u>, T.C. Memo. 1989-32.

Because we do not have jurisdiction over the assessment of the section 6702 frivolous return penalties, we also dismiss for lack of jurisdiction the part of the petition challenging the collection of the outstanding amounts listed in the levy notice for the frivolous return penalties and related interest.[3] Pursuant to section 6330(d), petitioner has 30 days after the entry of our order of dismissal to file his appeal with the appropriate U.S. District Court.

To reflect the foregoing,

An appropriate order of

dismissal will be entered.

---

[3] Petitioner does not make an argument that he is not liable for the interest. Cf. Katz v. Commissioner, 115 T.C. ___, ___ (2000) (slip op. at 7-8, 19). We therefore interpret petitioner's challenge to respondent's collection activities as being based solely on petitioner's view that the section 6702 frivolous return penalties were illegally assessed.