T.C. Memo. 2000-349


UNITED STATES TAX COURT


STEPHEN C. LOADHOLT TRUST, DEBRA M. LANCE TRUSTEE, ET AL.,[1]
Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket Nos. 18158-99L, 18159-99L,    Filed November 13, 2000.
          18521-99L.


On their 1997 income tax returns, Ps reported zero tax liability and claimed refunds resulting from claimed income tax withholding credits.  R paid Ps the claimed refunds but later determined that the payments of refunds were in error, as Ps had made no income tax payments for which the withholding credits were claimed.  After R made summary assessments of the erroneous refunds, Ps requested due process hearings.  After R issued negative determination letters, Ps filed petitions for judicial review of R's administrative determinations.  R filed motions to dismiss for lack of jurisdiction.  Held, because the Court lacks jurisdiction over the underlying tax liabilities that R is attempting to collect, the Court lacks jurisdiction to review the administrative determinations in dispute.

---

[1] The following cases are consolidated herewith:  Samuel Lance, Jr. Trust, docket No. 18159-99L; and Debra M. Lance Trust, docket No. 18521-99L.

Debra M. Lance (trustee), for petitioner in docket No. 18158-99L.

Samuel Lance, Jr. (trustee), for petitioner in docket No. 18159-99L.

Debra M. Lance (trustee), for petitioner in docket No. 18521-99L.

J. Craig Young, for respondent.


MEMORANDUM OPINION

THORNTON, Judge:  These cases are before the Court on respondent's motions to dismiss for lack of jurisdiction.[2]  As discussed below, we shall grant respondent's motions.

Unless otherwise indicated, section references are to the Internal Revenue Code as amended.

Background

In these consolidated cases, trustees (the trustees) of three purported trusts (the trusts) petitioned this Court for redeterminations under section 6330(d).  On their Forms 1041, U.S. Income Tax Return for Estates and Trusts, for taxable year 1997, each of the trusts reported income tax liability of zero and certain amounts of income tax withholding credits, thereby

---

[2] The instant cases involve the same jurisdictional issue as Boone Trust v. Commissioner, T.C. Memo. 2000-350, also decided today.

resulting in refund claims by each trust. Respondent paid the claimed refunds.[3] Subsequently, respondent determined that the refunds had been erroneously paid because the trusts had not made the income tax payments for which credits had been claimed. Respondent summarily assessed the previously refunded amounts and mailed notices of tax due with respect thereto.[4] Respondent subsequently filed notices of Federal tax liens in connection with the assessments.

The trustees timely filed with the Internal Revenue Service requests for collection due process hearings with regard to the filings of the notices of Federal tax liens. By notices of determination, respondent's Appeals officer[5] informed the trustees that his office had reviewed the proposed collection actions and had determined that they complied with the applicable administrative procedures and legal requirements. Respondent's notices of determination stated that if the trustees wanted to dispute the determinations in court, they should file a petition with the Tax Court. The notices of determination further stated:

---

[3] Respondent refunded $80,870, $76,426, and $27,605 with respect to the trusts in docket Nos. 18158-99L, 18159-99L, and 18521-99L, respectively.

[4] Each of the collection actions involved herein was commenced after Jan. 19, 1999. See Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. 105-206, sec. 3401(d), 112 Stat. 685, 750 (secs. 6320 and 6330 are effective with regard to collection actions commenced on or after Jan. 19, 1999).

[5] The same Appeals officer reviewed each trustee's case.

"If the court determines that you made your petition to the wrong court, you will have 30 days after such determination to file with the correct court."

The trustees timely filed petitions for redetermination with this Court. Before these cases were consolidated, the trustees filed identical motions to dismiss for lack of jurisdiction on the ground that, because respondent failed to follow certain administrative procedures (including conducting an audit with the trustees' participation, providing the trustees meetings with the revenue agent and a supervisor, and issuing 30-day letters and notices of deficiency), jurisdiction was never conferred upon the Court. Respondent filed objections to the trustees' motions in each case.[6] The Court denied the trustees' motions to dismiss on the ground asserted by the trustees.

Subsequently, respondent filed motions to dismiss for lack of jurisdiction, arguing for the first time that the Tax Court lacks jurisdiction because the tax liabilities in issue were summarily assessed under the authority of section 6201(a)(3) and "arose from a nonrebate erroneous refund which could not have been assessed as a deficiency, or otherwise been subject to the jurisdiction of this Court under an alternative to assessment

---

[6] In his objections to the trustees' motions to dismiss for lack of jurisdiction, respondent argued, among other things, that the Court had jurisdiction under sec. 6330 "because the taxes respondent seeks to collect are income taxes, a tax over which this Court generally has jurisdiction."

under section 6201(a)(3)."

On October 2, 2000, a hearing on respondent's motions was held at the Court's trial session in Columbia, South Carolina.

## Discussion

The trustees seek judicial review of administrative actions instituted by respondent to recover what respondent alleges were erroneous refunds paid to the trusts. As described below, the administrative collection procedures instituted by respondent are distinct from the deficiency procedures upon which this Court's jurisdiction is generally predicated.

Section 6201 authorizes and requires the Secretary "to make the inquiries, determinations, and assessments of all taxes * * * imposed" by the Internal Revenue Code. The assessment of tax, which is ordinarily the first step in the collection process, is accomplished by recording the taxpayer's liability in the office of the Secretary. See sec. 6203.

In certain circumstances, pursuant to the general authority of section 6201, the Commissioner can summarily (immediately) assess certain amounts, including overstatements on a return or a claim for refund of the credit for income tax withholdings. See sec. 6201(a)(3).

In other circumstances, the Commissioner cannot assess the tax until he has followed deficiency proceedings. In particular, if the Commissioner determines that there is a deficiency in the

taxpayer's reported liability with respect to income taxes, estate and gift taxes, and certain specified excise taxes, he generally cannot assess the tax until a statutorily prescribed period of time (generally 90 days or, for taxpayers outside the country, 150 days) after he has issued the taxpayer a notice of deficiency. See sec. 6213(a). During this time, the taxpayer may file a petition in the Tax Court, and the Commissioner generally may not assess or collect the tax until the Tax Court's decision has become final. See id.

Once the Commissioner has assessed the tax, he may institute administrative collection action. Section 6321 provides that if any person liable to pay any tax neglects or refuses to pay the same after notice and demand, the amount shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to that person. Section 6323 generally requires the Commissioner to file a notice of Federal tax lien with the appropriate State office or the local Federal District Court.

Section 6331(a) provides that if any person liable to pay any tax neglects or refuses to pay such tax within 10 days after notice and demand for payment, the Secretary is authorized to collect such tax by levy upon property belonging to the taxpayer. Under section 6331(d) the Secretary must provide the taxpayer

with notice, including notice of the administrative appeals available to the taxpayer, before proceeding with collection by levy on the taxpayer's property.

As enacted in the Internal Revenue Service Restructuring and Reform Act of 1998 (RRA 1998), Pub. L. 105-206, sec. 3401, 112 Stat. 685, 746, sections 6320 (pertaining to liens) and 6330 (pertaining to levies) provide protections for taxpayers in tax collection matters. Sections 6320 and 6330 are effective with regard to collection actions commenced on or after January 19, 1999. See RRA 1998 sec. 3401(d), 112 Stat. 750.

Section 6320(a)(1) requires the Commissioner to provide notice to a person described in section 6321 of the filing of a notice of lien under section 6323. Section 6320(a)(3) and (b) provides that the person described in section 6321 is entitled to notice of and the opportunity for an administrative review of the lien in the form of an Appeals Office hearing. Section 6330 provides for a similar hearing where the Commissioner has proposed to levy on the taxpayer's property. Section 6320(c) adopts the procedures set forth in section 6330(c), (d), and (e) governing the issues that may be raised in a hearing and the means for obtaining judicial review of the matter. See Goza v. Commissioner, 114 T.C. 176 (2000).

Section 6330(d) provides for judicial review of an administrative determination regarding a collection matter as follows:

SEC. 6330(d). Proceeding After Hearing.--

(1) Judicial review of determination.--The person may, within 30 days of a determination under this section, appeal such determination--

(A) to the Tax Court (and the Tax Court shall have jurisdiction to hear such matter); or

(B) if the Tax Court does not have jurisdiction of the underlying tax liability, to a district court of the United States.

If a court determines that the appeal was to an incorrect court, a person shall have 30 days after the court determination to file such appeal with the correct court.

Interpreting these statutory provisions, we stated in Moore v. Commissioner, 114 T.C. 171, 175 (2000):

While Congress clearly intended for section 6330 to provide an opportunity for judicial review of collection matters, we interpret section 6330(d)(1)(A) and (B) together to mean that Congress did not intend to expand the [Tax] Court's jurisdiction beyond the types of taxes that the Court may normally consider. Thus, section 6330(d)(1)(A) and (B) provides for Tax Court jurisdiction except where the Court does not normally have jurisdiction over the underlying liability. [Emphasis added.]

See also Van Es v. Commissioner, 115 T.C. ____ (2000).

This Court is a court of limited jurisdiction, having only such jurisdiction as provided by Congress. See sec. 7442; see also Estate of Meyer v. Commissioner, 84 T.C. 560, 562 (1985); Adams v. Commissioner, 72 T.C. 81, 84 (1979), affd. without published opinion 688 F.2d 815 (2d Cir. 1982). With exceptions

not germane here, this Court's jurisdiction is generally limited to redetermining deficiencies in income taxes, estate and gift taxes, and certain specified excise taxes that are subject to the deficiency procedures outlined above.  See secs. 6214, 7442; see also Estate of Meyer v. Commissioner, supra at 562; Judd v. Commissioner, 74 T.C. 651, 653 (1980).

In the instant cases, respondent is attempting to collect alleged erroneous refunds resulting from the trusts' alleged overstatements of income taxes withheld.  The assessments at issue were not subject to the deficiency procedures but instead were subject to the summary assessment procedures of section 6201(a)(3).  Under those procedures, overstatements of withheld income taxes are generally treated in the same manner as mathematical or clerical errors appearing on the return, except that in the case of an assessment of an overstated credit for withholding, the taxpayer has no right to request an abatement. See secs. 6201(a)(3), 6213(b)(1) and (2).  Therefore, summary assessments with respect to overstatements of withheld taxes provide the taxpayer no right to petition the Tax Court to contest the liability.  See sec. 6213(b)(1).[7]

---

[7] Sec. 6213(b)(1) provides:

> If the taxpayer is notified that, on account of a
> mathematical or clerical error appearing on the
> return, an amount of tax in excess of that shown
> on the return is due, and that an assessment of
> (continued...)

In sum, because we have no jurisdiction over the "underlying tax liability" within the meaning of section 6330(d)(1)(B), we have no jurisdiction over the instant petitions for redetermination, and we must grant respondent's motions to dismiss.

Although the trustees cannot pursue their cases in this Court, they are not without a remedy. The trustees may seek judicial review in the appropriate District Court of the United States. See sec. 6330(d)(1)(B).

To reflect the foregoing,

Appropriate orders of

dismissal will be entered.

---

[7](...continued)
> the tax has been or will be made on the basis of what would have been the correct amount of tax but for the mathematical or clerical error, such notice shall not be considered as a notice of deficiency * * * and the taxpayer shall have no right to file a petition with the Tax Court based on such notice, nor shall such assessment or collection be prohibited by the provisions of subsection (a) of this section. [Emphasis added.]

As noted above, if the taxpayer so requests, a summary assessment relating to a mathematical or clerical error must be abated, and any reassessment must be made subject to the deficiency procedures. See sec. 6213(b)(2). Such abatement and reassessment procedures do not apply, however, to assessments of erroneous income tax prepayment credits. See sec. 6201(a)(3).