T.C. Memo. 2005-224

UNITED STATES TAX COURT

LARRY D. CARIFEE AND PAMELA A. CARIFEE, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 4502-04L.              Filed September 27, 2005.

Larry D. Carifee and Pamela A. Carifee, pro sese.

<u>Alvin A. Ohm</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

VASQUEZ, <u>Judge</u>:  Petitioners filed a petition in response to
respondent's Notice of Determination Concerning Collection
Action(s) Under Section 6320 and/or 6330 (Notice of

Determination).[1]  Petitioners allege that they have insufficient assets to pay their income tax liability for the year 2000.

                          FINDINGS OF FACT

     Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference.  At the time they filed the petition, petitioners resided in Lewisville, Texas.

     On August 20, 2003, respondent mailed to each of the petitioners, individually, a Final Notice of Intent to Levy and Notice of Your Right to a Hearing.  By letter dated September 16, 2003, petitioners' attorney mailed to respondent two Forms 12153, Request for a Collection Due Process Hearing, one for each petitioner, which stated that petitioners "have insufficient income and assets to full pay the outstanding tax liabilities for 2000, [and] they would like to propose either an Installment Payment Agreement or an Offer in Compromise."

     On October 6, 2003, respondent's Collection Division contacted petitioners' attorney by telephone concerning the Requests for a Collection Due Process Hearing (section 6330 hearing).  On December 12, 2003, respondent's Appeals Office in Dallas, Texas, wrote petitioners' attorney concerning the requests for a section 6330 hearing asking that petitioners

---

[1]  Unless otherwise indicated, all section references are to the Internal Revenue Code as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

provide certain items of financial information prior to the hearing in order for respondent's Appeals Office to consider alternative methods of collection. By letter dated December 22, 2003, respondent's Dallas Appeals Office notified petitioners' attorney that the section 6330 hearing was scheduled for January 14, 2004. By letter dated December 22, 2003, petitioners' attorney notified respondent that he no longer represented petitioners. On January 14, 2004, respondent's Appeals Office called petitioners directly to determine whether petitioners still wanted the hearing held. Petitioners did not return the call and did not show up for the hearing. Moreover, petitioners did not submit any financial information to the hearing officer and did not submit an offer in compromise.

On February 17, 2004, respondent issued to petitioners a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 sustaining the proposed collection action as petitioners "did not respond to the letters issued setting conferences" and "No agreement or viable option could be discussed since they [petitioners] did not show up for the hearings set or submit anything in writing either."

## OPINION

Section 6331(a) provides that, if any person liable to pay any tax neglects or refuses to do so within 10 days after notice and demand, the Secretary can collect such tax by levy upon

property belonging to such person.  Pursuant to section 6331(d), the Secretary is required to give the taxpayer notice of his intent to levy and within that notice must describe the administrative review available to the taxpayer, before proceeding with the levy.  See also sec. 6330(a).

Section 6330(b) describes the administrative review process, providing that a taxpayer can request an Appeals hearing with regard to a levy notice.  At the Appeals hearing, the taxpayer may raise certain matters set forth in section 6330(c)(2), which provides, in pertinent part:

> SEC. 6330(c).  Matters Considered At Hearing.--In the case of any hearing conducted under this section--
>
> *     *     *     *     *     *     *
>
> (2) Issues at Hearing.--
>
>> (A)  In General.--The person may raise at the hearing any relevant issue relating to the unpaid tax or proposed levy, including--
>>
>>> (i)  appropriate spousal defenses;
>>>
>>> (ii)  challenges to the appropriateness of collection actions; and
>>>
>>> (iii)  offers of collection alternatives, which may include the posting of a bond, the substitution of other assets, an installment agreement, or an offer-in-compromise.
>>
>> (B)  Underlying Liability.--The person may also raise at the hearing challenges to the existence or amount of the underlying tax liability for any tax period if the person did not receive any statutory notice of deficiency for such tax liability or did not

> otherwise have an opportunity to dispute such
> tax liability.

Pursuant to section 6330(d)(1), within 30 days of the issuance of the notice of determination, the taxpayer may appeal that determination to this Court if we have jurisdiction over the underlying tax liability.  Van Es v. Commissioner, 115 T.C. 324, 328 (2000).

Although section 6330 does not prescribe the standard of review that the Court is to apply in reviewing the Commissioner's administrative determinations, we have stated that, where the validity of the underlying tax liability is properly at issue, the Court will review the matter on a de novo basis.  Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 181 (2000).  Where the validity of the underlying tax liability is not properly at issue, however, the Court will review the Commissioner's administrative determination for abuse of discretion.  Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 181 (2000).

At the trial and in their petition, petitioners did not contest their income tax liability for 2000 but made a claim that they could not pay their tax liability at this time.  We therefore review respondent's determination to proceed with the levy action for an abuse of discretion.

Petitioners did not assert in the petition any spousal defenses, any challenges to the appropriateness of the collection

actions, or any offers of collection alternatives other than an offer in compromise that was going to be submitted at an unspecified future date but was never submitted. See sec. 6330(c)(2)(A). These issues are now deemed conceded. Rule 331(b)(4). Petitioners also did not submit any financial information to the hearing officer. Accordingly, we conclude that respondent did not abuse his discretion by determining to proceed with collection.

In reaching all of our holdings herein, we have considered all arguments made by the parties, and, to the extent not herein discussed, we find them to be irrelevant or without merit.

To reflect the foregoing,

<u>Decision will be</u>

<u>entered for respondent</u>.