T.C. Memo. 2005-249


UNITED STATES TAX COURT


SCOTT ALAN BRANDENBURG, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 16937-04L.          Filed October 27, 2005.


Scott Alan Brandenburg, pro se.

<u>Michael D. Zima</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION


COLVIN, <u>Judge</u>:  On August 6, 2004, respondent sent petitioner a Decision Letter Concerning Equivalent Hearing Under Section 6320 in which respondent determined that a notice of Federal tax lien regarding petitioner's income taxes for 1995-96 would not be withdrawn.  We sustain respondent's determination for reasons discussed below.

Unless otherwise stated, section references are to the Internal Revenue Code.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found.

A.   Petitioner

Petitioner lived in High Springs, Florida, when he filed the petition.  He was married in 1995-96.  His wife did not earn any income in those years.  Petitioner was a self-employed truck driver in 1995-96.  He received self-employment income as follows:

| Payor | 1995 | 1996 |
|---|---|---|
| McCollister's Moving & Storage, Inc. | $161,115 | $34,295 |
| North American Van Lines, Inc. | 749 | --- |
| Suddath Van Lines, Inc. | --- | 98,500 |
| Total | 161,864 | 132,795 |

B.   Petitioner's Income Tax Returns

Petitioner filed his Federal income tax return for 1994 on December 27, 1996.  Petitioner did not timely file a Federal income tax return for 1995 or 1996.

North American Van Lines and Suddath Van Lines filed with respondent Forms 1099-MISC, Miscellaneous Income, showing that they had paid petitioner $749.50 in 1995 and $98,500.65 in 1996.

Respondent audited petitioner's 1995 and 1996 tax returns and, on May 18, 1998, sent a 30-day letter to petitioner by certified mail.  Petitioner received this letter.

On August 16, 1999, respondent sent petitioner a notice of deficiency for 1995 and 1996. In it, respondent determined that petitioner had self-employment income of $161,864 for 1995 and $132,795 for 1996, interest income of $63 for 1995 and $219 for 1996, and pensions and annuities of $124 for 1996. Respondent allowed on Schedule C, Profit or Loss From Business, expenses of $81,579 for 1995 and $66,929 for 1996 on the basis of the Schedule C expenses that petitioner had reported on his 1994 return. Respondent determined deficiencies and additions to tax as follows:

|  |  | Additions to Tax | |
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6654 |
| 1995 | $27,405 | $6,851.25 | $1,485.99 |
| 1996 | 22,506 | 5,626.50 | 1,197.91 |

The notice of deficiency was returned to respondent as undeliverable to petitioner. Respondent assessed tax and interest for 1995-96 on December 27, 1999, and sent petitioner notices of balance due for those years on December 27, 1999, January 31, 2000, and March 6, 2000. Petitioner filed his 1998 return on April 20, 2000, and his 1997 return on December 6, 2000.

On September 28, 2000, respondent sent petitioner a Notice of Federal Tax Lien Filing and Your Right to a Hearing Under I.R.C. § 6320 relating to taxes respondent had assessed for 1995-96 (the September 2000 lien notice). On October 2, 2000,

respondent filed a notice of Federal tax lien in Dade County, Florida, with respect to petitioner's 1995-96 income taxes.

On January 11, 2002, petitioner submitted to respondent six Forms 1040EZ, Income Tax Return for Single and Joint Filers With No Dependents, for 1995-2000. Petitioner entered zeros for his income and on the lines for total tax. Respondent assessed frivolous return penalties under section 6702 for those returns.

Petitioner filed claims for refund for 1995 and 1996 early in 2002. Respondent rejected those claims on March 13, 2003. Petitioner filed his 2002 return on October 8, 2003.

On January 16, 2004, respondent filed a notice of Federal tax lien in Alachua County, Florida, with respect to petitioner's income tax liabilities for 1995-96 and frivolous return penalties under section 6702 for 1995-2000. On January 20, 2004, respondent sent petitioner a Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC § 6320 relating to petitioner's income tax liabilities for 1995-96 and frivolous return penalties for 1995-2000 (the January 2004 lien notice).

On February 18, 2004, petitioner submitted to respondent an unsigned Form 12153, Request for a Collection Due Process Hearing. Respondent returned it to petitioner and asked that he sign and return it to respondent. Petitioner did so.

On May 13, 2004, respondent's Office of Appeals sent petitioner a letter: (1) Explaining the hearing process under

sections 6320 and 6330 and the issues that he could raise, and (2) stating that respondent would not consider challenges based on constitutional, political, or moral grounds. Respondent enclosed a copy of Form 4340, Certificate of Assessments, Payments, and Other Specified Matters, for petitioner's 1995-2000 tax years.

On May 19, 2004, Appeals Officer Davida S. Parker (Parker) told petitioner that he had timely appealed the January 20, 2004, notice of Federal tax lien, but that he had not timely appealed the lien filed on September 28, 2000. Parker mistakenly believed that petitioner had not timely requested an administrative hearing with respect to his Federal income tax liability for 1995-96, and she told him that he could have a so-called equivalent hearing instead. See sec. 301.6320-1(i)(1), Proced. & Admin. Regs. Parker offered to discuss the case with him by telephone on June 23, 2004.

Petitioner wrote Parker on May 19, 2004, requesting a face-to-face hearing and copies of documents verifying assessment of taxes and penalties. Petitioner told Parker that he intended to bring a court reporter to the hearing and record it.

In a June 11, 2004, letter to Parker petitioner alleged that (1) he was entitled to a face-to-face hearing, (2) payment of taxes is voluntary, (3) his taxes had not been properly assessed,

and (4) he never received a valid notice of deficiency or a demand for payment of any of the liabilities.

On June 24, 2004, petitioner went to Parker's office with a court reporter. Parker told petitioner that he could not have a face-to-face hearing because the arguments that he had raised were frivolous. On July 8, 2004, petitioner wrote to Parker arguing that payment of taxes is voluntary and that there was no valid assessment of tax against him.

On August 6, 2004, respondent sent petitioner (1) a Notice of Determination Concerning Collection Action Under Section 6320 (notice of determination) regarding frivolous return penalties that respondent had assessed for petitioner's 1995-2000 tax years; and (2) a Decision Letter Concerning Equivalent Hearing Under Section 6320 (decision letter) stating that respondent had concluded that imposition of the tax lien regarding petitioner's income tax liabilities for 1995-96 was appropriate. If respondent had realized petitioner's request for a hearing with respect to his income tax liability for 1995-96 was timely, respondent would have issued a notice of determination instead of a decision letter. See secs. 6320(c), 6330(c)(3), (d).

Petitioner filed a petition with the Court challenging the notice of determination and the decision letter.[1] By order dated

---

[1] By order dated Sept. 21, 2005, the Court denied respondent's motion to dismiss for lack of jurisdiction on the
(continued...)

March 10, 2005, the Court granted respondent's motion to dismiss for lack of jurisdiction as to frivolous return penalties under section 6702 for the taxable years 1995-2000.  See <u>Van Es v. Commissioner</u>, 115 T.C. 324 (2000).

## OPINION

A.    <u>Whether Petitioner Is Liable for the Underlying Income Tax for 1995-96</u>

Petitioner contends that he had no taxable income or activities for 1995-96.  A taxpayer may dispute an underlying tax liability at a section 6330 hearing if he or she did not receive a notice of deficiency or otherwise have an opportunity to dispute the tax liability.  Sec. 6330(c)(2)(B).  Respondent does not contend on brief that petitioner received the notice of deficiency or had a prior opportunity to dispute the tax liabilities.  Thus, we will assume that he did not.

Petitioner contends that he is not subject to Federal income tax and that respondent's determination of his tax liabilities for 1995 and 1996 is invalid.  Throughout this case, including at trial, petitioner's only arguments for contending that his underlying tax liabilities were incorrect were frivolous.  Thus, we conclude that petitioner is liable for tax as determined by respondent for 1995-96.

---

[1](...continued)
ground that the decision letter constitutes a notice of determination under <u>Craig v. Commissioner</u>, 119 T.C. 252, 256-259 (2002).

B.   Whether Respondent's Determination Was an Abuse of Discretion

Petitioner contends that respondent's determination was an abuse of discretion because: (1) Respondent did not give him a copy of Form 23C, Assessment Certificate--Summary Record of Assessments; (2) there was no valid assessment of tax for 1995-96; (3) he did not receive a notice and demand for payment for 1995-96; (4) respondent did not produce verification from the Secretary that requirements of applicable law and administrative procedures have been met or that respondent's employees had authority from the Secretary to collect tax from petitioner; and (5) respondent improperly denied petitioner the opportunity to have a face-to-face hearing that he could record.  We disagree for reasons stated next.

1.   Whether Respondent Was Required To Provide Form 23C for 1995-96

Section 6330(c)(1) requires the Appeals officer to verify that the requirements of any applicable law or administrative procedure have been met.  However, section 6330(c)(1) does not specify which document the Commissioner must use (e.g., the summary record rather than a transcript of account) to satisfy the verification requirement.  Even though petitioner asked respondent to provide Form 23C, it was not an abuse of discretion for respondent to give him copies of Form 4340 to verify the assessments.  See Hughes v. United States, 953 F.2d 531, 535-536

(9th Cir. 1992); <u>Roberts v. Commissioner</u>, 118 T.C. 365, 371 (2002), affd. 329 F.3d 1224 (11th Cir. 2003); <u>Nestor v. Commissioner</u>, 118 T.C. 162, 166 (2002).

2. <u>Whether Tax for 1995-96 Was Validly Assessed</u>

Federal tax assessments are recorded on a record of assessment. Sec. 6203. The Commissioner is not required to use Form 23C in making an assessment. <u>Roberts v. Commissioner</u>, <u>supra</u> at 369-371. The summary record must identify the taxpayer, the character of the liability assessed, the taxable period, and the amount of the assessment. Sec. 301.6203-1, Proced. & Admin. Regs. The copies of Form 4340 for 1995-96 respondent sent to petitioner contained this information and said that his tax liabilities for those years remain unpaid. A Form 4340 constitutes presumptive evidence that a tax has been validly assessed under section 6203. <u>Davis v. Commissioner</u>, 115 T.C. 35, 40 (2000). Petitioner has not shown that there was any irregularity in the assessment procedure. We hold that the assessments are valid.

3. <u>Whether Petitioner Received a Notice and Demand for Payment of His 1995-96 Tax Liabilities</u>

We reject petitioner's contention that respondent did not issue the notice and demand required by section 6303(a). Respondent sent to petitioner a notice of balance due on December 27, 1999, January 31, 2000, and March 6, 2000. A notice of

balance due is a notice and demand for payment under section 6303(a). <u>Craig v. Commissioner</u>, 119 T.C. 252, 262-263 (2002).

4. <u>Whether Petitioner Had Verification That Requirements of Applicable Law and Administrative Procedures Had Been Met and That Respondent's Employees Had Authority From the Secretary To Collect Tax</u>

Internal revenue laws and regulations do not require the Appeals officer to give the taxpayer a copy of the delegation of authority from the Secretary to the person (other than the Secretary) who signed the verification required under section 6330(c)(1). <u>Nestor v. Commissioner</u>, <u>supra</u> at 166-167. Section 6330(c)(1) does not require the Appeals officer to give the taxpayer a copy of the verification that the requirements of any applicable law or administrative procedure have been met. <u>Id.</u> at 166. Section 301.6320-1(e)(1), Proced. & Admin. Regs., requires that the Appeals officer obtain verification before issuing the determination, not that he or she provide it to the taxpayer. In any event, Parker gave petitioner a copy of the certified transcripts of account for 1995 and 1996.

5. <u>Whether This Case Should Be Remanded to Appeals for a Face-to-Face Hearing</u>

Petitioner contends that he was entitled to a face-to-face hearing. We disagree. In <u>Lunsford v. Commissioner</u>, 117 T.C. 183, 189 (2001), the Court declined to remand the case to the Appeals Office for a hearing because the taxpayer could not prevail on any of the issues he had raised in the proceeding. As

a result, we held that it was neither necessary nor productive to remand the case to the Appeals Office.  Id.; see Kemper v. Commissioner, T.C. Memo. 2003-195 (remand to record face-to-face hearing denied); see also Keene v. Commissioner, 121 T.C. 8, 19-20 (2003).  The same reasoning applies here because petitioner is liable for the underlying income tax and all of his other arguments are frivolous.

C.   Conclusion

We conclude that respondent's determination not to withdraw the notice of Federal tax lien was not an abuse of discretion.

To reflect the foregoing,

Decision will be

entered for respondent.