T.C. Memo. 2005-257

UNITED STATES TAX COURT

JAMES MURDEN WILCOX, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5444-04L.        Filed November 1, 2005.

James Murden Wilcox, pro se.

Marty J. Dama, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

VASQUEZ, Judge:  Petitioner filed a petition in response to
respondent's Notice of Determination Concerning Collection
Action(s) Under Section 6320 and/or 6330 (Notice of
Determination).[1]  The sole issue for decision is whether

_____

    [1]  Unless otherwise indicated, all section references are to
the Internal Revenue Code as amended, and all Rule references are
to the Tax Court Rules of Practice and Procedure.

respondent's determination to proceed with collection was an abuse of discretion.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time he filed the petition, petitioner resided in Dallas, Texas.

In 1976, petitioner was hit by a car while riding his bicycle and suffered numerous permanent and irreversible injuries. Petitioner was diagnosed in 1998 with a broken back.

Petitioner was self-employed during 1995, 1996, 1997, and 1998, the years in issue. Before and after the years in issue, petitioner was employed full time at Fusch-Serold and Partners. Since Fusch-Serold and Partners withheld a sufficient amount from petitioner's pay, petitioner did not owe any additional amounts of tax for the years he was employed at Fusch-Serold and Partners.

Respondent assessed the following amounts, which are in dispute:

| | | Additions to Tax | | |
| Year | Interest | Sec. 6651(a)(1) | Sec. 6651(a)(2) | Sec. 6654(a) |
|------|----------|-----------------|-----------------|--------------|
| 1995 | $4,459.61 | $1,630.13 | $289.80 | $384 |
| 1996 | 6,874.01 | 2,173.95 | 676.34 | 428 |
| 1997 | 5,406.61 | 0.00 | 104.74 | 470 |
| 1998 | 825.40 | 0.00 | 91.96 | 66 |

On June 11, 2003, respondent mailed to petitioner a Final Notice of Intent To Levy for 1995, 1996, 1997, and 1998. On July

10, 2003, petitioner timely filed a Form 12153, Request for a Collection Due Process Hearing (section 6330 hearing). In a letter attached to the Form 12153, petitioner stated:

> I have paid the taxes in question. I can't afford to pay the penalties and interest, because my income is limited due to my physical disabilities and limitations (see attached). Any further collection of monies by the IRS will deprive me of obtaining medical help to cope with my physical condition and cause long-term and permanent effects.

As of December 8, 2003, petitioner's total account balances for 1995, 1996, 1997, 1998 were $4,459.61, $22,808.61, $19,061.33, and $3,879.23, respectively.

A section 6330 hearing was held by telephone on January 20, 2004. Petitioner did not submit a Form 433-A, Collection Information Statement, to the hearing officer as requested.

On February 20, 2004, respondent mailed to petitioner a Notice of Determination. In an attachment to the Notice of Determination, respondent described the section 6330 hearing as follows:

> During the telephone hearing with you and your therapist, we discussed your case. I explained to you that you did not meet the reasonable cause criteria for abatement of the penalties. Your therapist stated you could not complete the Collection Information Statement, Form 433-A, due to your medical condition. You cannot concentrate for long periods of time. I explained to both of you that the form requires your monthly income and expenses. You explained to me that you are able to pay your monthly living expenses and you are currently employed. Your therapist offered to assist you in completing the Form 433-A. You refused her assistance. It was explained to you that the form had to be completed to determine your ability to pay the taxes. You were provided ample time and opportunity to

complete the Form 433-A.  You stated you previously file [sic] an Offer in Compromise that was rejected because you had the ability to full pay the taxes.  I referred you to the Taxpayer Advocate Office; you stated they would not help you.  It was explained to you that a Determination Letter would be issued sustaining the issuance of the levy.

In the petition, petitioner states as his reason as to why he should be entitled to relief:

> In March of 1976, I was in an accident, in which I was hit by a car while riding my bicycle.  I suffered numerous permanent and irreversible injuries.  I have been injured, handicapped and limited every [sic] since.  I certainly expect relief from the insurmountable penalty & interest charges.  * * *

## OPINION

Section 6331(a) provides that, if any person liable to pay any tax neglects or refuses to do so within 10 days after notice and demand, the Secretary can collect such tax by levy upon property belonging to such person.  Pursuant to section 6331(d), the Secretary is required to give the taxpayer notice of his intent to levy and within that notice must describe the administrative review available to the taxpayer, before proceeding with the levy.  See also sec. 6330(a).

Section 6330(b) describes the administrative review process, providing that a taxpayer can request an Appeals hearing with regard to a levy notice.  At the Appeals hearing, the taxpayer may raise certain matters set forth in section 6330(c)(2), which provides, in pertinent part:

SEC. 6330(c).  Matters Considered at Hearing.--In the case of any hearing conducted under this section--

*    *    *    *    *    *    *

(2) Issues at hearing.--

(A)  In general.--The person may raise at the hearing any relevant issue relating to the unpaid tax or proposed levy, including--

(i)  appropriate spousal defenses;

(ii)  challenges to the appropriateness of collection actions; and

(iii)  offers of collection alternatives, which may include the posting of a bond, the substitution of other assets, an installment agreement, or an offer-in-compromise.

(B)  Underlying liability.--The person may also raise at the hearing challenges to the existence or amount of the underlying tax liability for any tax period if the person did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability.

Pursuant to section 6330(d)(1), within 30 days of the issuance of the notice of determination, the taxpayer may appeal that determination to this Court if we have jurisdiction over the underlying tax liability.  Van Es v. Commissioner, 115 T.C. 324, 328 (2000).

Although section 6330 does not prescribe the standard of review that the Court is to apply in reviewing the Commissioner's

administrative determinations, we have stated that, where the validity of the underlying tax liability is properly at issue, the Court will review the matter de novo. Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 181 (2000). Where the validity of the underlying tax liability is not properly at issue, however, the Court will review the Commissioner's administrative determination for abuse of discretion. Sego v. Commissioner, supra; Goza v. Commissioner, supra. The term "underlying tax liability" in section 6330(d)(1) includes any amounts allegedly owed by a taxpayer pursuant to the tax laws. Katz v. Commissioner, 115 T.C. 329 (2000). This includes the tax deficiency, additions to tax, and interest. Id. As petitioner does not dispute the validity of the underlying tax liability, we review respondent's determination for an abuse of discretion.

Petitioner's claim regarding his inability to pay bears upon issues such as collection alternatives or the appropriateness of the collection action that the Court reviews for abuse of discretion. An action constitutes abuse of discretion where it is arbitrary, capricious, or without sound basis in fact or law. Woodral v. Commissioner, 112 T.C. 19, 23 (1999).

The record reflects no abuse of discretion by respondent. We have found that in the face of allegations of undue hardship, a taxpayer must submit complete and current financial data to

enable the Commissioner to evaluate a taxpayer's qualification for collection alternatives or other relief. Picchiottino v. Commissioner, T.C. Memo. 2004-231.

Petitioner had completed a Form 433-A and had turned it into a revenue officer in 1998. Petitioner contends that respondent's Appeals officer failed to consider petitioner's entire history as she would not look at the 1998 form. Petitioner alleges that he should not have to complete another Form 433-A as the Appeals officer should have the 1998 form. However, the form completed in 1998 does not represent current financial information, and as petitioner did not give respondent current financial information, it cannot be said that respondent acted arbitrarily or capriciously in determining to proceed with collection. See id.; Newstat v. Commissioner, T.C. Memo. 2004-208.

Petitioner also did not assert in the petition any spousal defenses, any challenges to the appropriateness of the collection actions, or any offers of collection alternatives other than an offer-in-compromise that was going to be submitted at an unspecified future date but was never submitted. See sec. 6330(c)(2)(A). The issues not raised in the pleadings are now deemed conceded. Rule 331(b)(4). Therefore, we sustain respondent's determination regarding the proposed collection action.

To reflect the foregoing,

**<u>Decision will be</u>**

**<u>entered for respondent</u>**.
