T.C. Memo. 2006-126

UNITED STATES TAX COURT

JOHN F. WEBER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 15372-04L.                    Filed June 19, 2006.

John F. Weber, pro se.

<u>Inga C. Plucinski</u> and <u>David Sorensen</u>, for respondent.

MEMORANDUM OPINION

VASQUEZ, <u>Judge</u>:  This case is before the Court on
respondent's motion for summary judgment.  At the time he filed
the petition, petitioner resided in Las Vegas, Nevada.

## Background

Petitioner failed to file a Federal income tax return for 2000. On August 21, 2002, respondent sent petitioner a statutory notice of deficiency for 2000.

On March 10, 2003, respondent assessed a deficiency in tax and additions to tax for the taxable year 2000 and issued to petitioner a notice of assessment and demand for payment. On June 21, 2003, respondent mailed to petitioner a Final Notice of Intent to Levy and Notice of Your Right to a Hearing concerning the 2000 tax liability. Petitioner timely filed a Form 12153, Request for a Collection Due Process Hearing, which stated that he was "Not Liable".

On June 4, 2004, a hearing was held. Petitioner did not propose any collection alternatives at the hearing. On July 22, 2004, respondent issued a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 to petitioner regarding his 2000 tax year.[1] In the notice of determination, respondent determined that the proposed collection action was appropriate and to proceed with collection.

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

## Discussion

### I. Motion for Summary Judgment

Rule 121(a) provides that either party may move for summary judgment upon all or any part of the legal issues in controversy. Summary judgment may be granted if it is demonstrated that no genuine issue exists as to any material fact and a decision may be rendered as a matter of law. Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994).

We conclude that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law in regard to respondent's determination to proceed with collection of the liability for 2000.

### II. Determination To Proceed With Collection

Section 6331(a) provides that, if any person liable to pay any tax neglects or refuses to do so within 10 days after notice and demand, the Secretary can collect such tax by levy upon property belonging to such person. Pursuant to section 6331(d), the Secretary is required to give the taxpayer notice of his intent to levy and within that notice must describe the administrative review available to the taxpayer, before proceeding with the levy. See also sec. 6330(a).

Section 6330(b) describes the administrative review process, providing that a taxpayer can request an Appeals hearing with

regard to a levy notice.  At the Appeals hearing, the taxpayer

may raise certain matters set forth in section 6330(c)(2), which

provides:

>        SEC. 6330(c).  Matters Considered At Hearing.--In
>   the case of any hearing conducted under this section--
>
>            *    *    *    *    *    *    *
>
>        (2) Issues At Hearing.--
>
>            (A)  In General.--The person may raise
>        at the hearing any relevant issue relating to
>        the unpaid tax or the proposed levy,
>        including--
>
>                (i)  appropriate spousal
>            defenses;
>
>                (ii)  challenges to the
>            appropriateness of collection
>            actions; and
>
>                (iii)  offers of collection
>            alternatives, which may include the
>            posting of a bond, the substitution
>            of other assets, an installment
>            agreement, or an offer-in-
>            compromise.
>
>            (B)  Underlying Liability.--The person
>        may also raise at the hearing challenges to
>        the existence or amount of the underlying tax
>        liability for any tax period if the person
>        did not receive any statutory notice of
>        deficiency for such tax liability or did not
>        otherwise have an opportunity to dispute such tax
>        liability.

Pursuant to section 6330(d)(1), within 30 days of the issuance of

the notice of determination, the taxpayer may appeal that

determination to this Court if we have jurisdiction over the

underlying tax liability.  Van Es v. Commissioner, 115 T.C. 324, 328 (2000).

Although section 6330 does not prescribe the standard of review that the Court is to apply in reviewing the Commissioner's administrative determinations, we have stated that, where the validity of the underlying tax liability is properly at issue, the Court will review the matter de novo.  Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 181 (2000).  Where the validity of the underlying tax liability is not properly at issue, however, the Court will review the Commissioner's administrative determination for abuse of discretion.  Sego v. Commissioner, supra; Goza v. Commissioner, supra.

The notice of deficiency for the year 2000 was sent to petitioner's last known address.  Petitioner does not dispute that he received the notice of deficiency for 2000.  Accordingly, he cannot challenge his underlying liability.  See sec. 6330(c)(2)(B); Sego v. Commissioner, supra at 610-611; Goza v. Commissioner, supra at 182-183.  Therefore, we review respondent's determination for an abuse of discretion.  See Sego v. Commissioner, supra at 610.

Petitioner has failed to raise a spousal defense, make a valid challenge to the appropriateness of respondent's intended

collection action, or offer alternative means of collection. These issues are now deemed conceded.  See Rule 331(b)(4).

Accordingly, we conclude that respondent did not abuse his discretion, and we sustain respondent's determination to proceed with collection for 2000.

We take this opportunity to warn petitioner that the Court will impose a penalty pursuant to section 6673 if he returns to the Court and proceeds in a similar fashion in the future.

To reflect the foregoing,

<u>An appropriate order</u>

<u>will be issued</u>.