T.C. Memo. 2005-179

UNITED STATES TAX COURT

DONALD A. RAMIREZ, Petitioner $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 22323-03L.                    Filed July 21, 2005.

Donald A. Ramirez, pro se.

Rebecca Duewer-Grenville, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

HAINES, Judge:  The petition in this case was filed in
response to the Notices of Determination Concerning Collection
Action Under Section 6320 (notices of determination) for 1996,
1997, and 1998.[1]  Pursuant to section 6330(d), petitioner seeks

_____

[1]  Unless otherwise noted, all section references are to the
(continued...)

review of respondent's determination sustaining a Federal tax lien. After concessions,[2] the issues for decision are: (1) Whether petitioner is liable for additions to tax under section 6651(a)(1) and (a)(2) for 1998; and (2) whether respondent abused his discretion in sustaining the Federal tax lien.

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time the petition was filed, petitioner resided in San Bruno, California. Petitioner is a practicing attorney.

Petitioner had his gall bladder removed in 1996 and was off work for 4 months. After his recovery, petitioner was able to continue his legal practice, pay business expenses, manage two rental properties, and take care of two minor children.

On April 8, 2001, petitioner filed a Form 1040, U.S. Individual Income Tax Return, for 1998, showing a tax due of $8,122. Petitioner made no payments at the time of filing.

---

[1](...continued)
Internal Revenue Code in effect for the years in issue.

[2] The parties disagreed over petitioner's Schedule A, Itemized Deductions, for 1996, but respondent now concedes that petitioner is entitled to the deduction. The parties have also stipulated that, subsequent to his filing with this Court, petitioner fully paid his 1996 and 1997 tax liabilities, including additions to tax pertaining to those years. Upon payment, the Federal tax liens for 1996 and 1997 were released. Only 1998 remains at issue.

Upon receipt of the 1998 income tax return, respondent assessed the tax due of $8,122, an addition to tax for failure to timely file a return under section 6651(a)(1) of $1,827, an addition to tax for failure to timely pay the tax under section 6651(a)(2) of $1,015, and an addition to tax for failure to pay estimated tax under section 6654 of $257 against petitioner. Respondent did not issue a notice of deficiency to petitioner.

On April 9, 2003, respondent sent petitioner a Notice of Federal Tax Lien and Your Right to a Hearing Under IRC 6320 for 1998.

On May 5, 2003, respondent received petitioner's request for a section 6330 hearing. Theresa M. Amper (Ms. Amper), Appeals Collection Specialist, sent confirmation of receipt on July 31, 2003, and requested that petitioner complete a Form 433-A, Collection Information Statement for Individuals. Petitioner did not respond.

Ms. Amper sent a second letter on August 25, 2003, requesting petitioner complete a Form 433-A, and stating that if she did not hear from petitioner by September 9, 2003, his section 6330 hearing would consist of an administrative review of his file. Petitioner did not respond.

On September 24, 2003, Appeals Officer Gerry Melick (Ms. Melick) sent petitioner a letter requesting that petitioner contact her by phone to discuss petitioner's section 6330 hearing

request. Petitioner did not respond. Ms. Melick sent a second letter on October 8, 2003, requesting that petitioner respond within 15 days. Petitioner did not respond.

Respondent conducted an administrative review of petitioner's file. On November 25, 2003, respondent sent petitioner notice of determination sustaining the filing of the Federal tax lien for 1998.

On December 23, 2003, petitioner timely filed a petition with the Court. Upon order of the Court, petitioner filed an amended petition on February 24, 2004, seeking review of the underlying tax liability and relief from the lien collection action under section 6320.

The parties have stipulated that, subsequent to petitioner's filing with this Court, an installment agreement has been entered into for petitioner's outstanding tax liability, and that any overpayments resulting from the allowance of petitioner's schedule A expense deduction for 1996 will be applied to the outstanding tax liability for 1998.

At trial, petitioner raised a reasonable cause defense to the section 6651 additions to tax, citing his 1996 surgery.

                              OPINION

Pursuant to section 6330(d)(1), within 30 days of the issuance of the notice of determination, the taxpayer may appeal the determination to this Court if we have jurisdiction over the

underlying tax liability.  Van Es v. Commissioner, 115 T.C. 324, 328-329 (2000).  This Court has interpreted "underlying tax liability" in section 6330(d)(1) to include any amounts owed by the taxpayer pursuant to the tax laws, including additions to tax.  Katz v. Commissioner, 115 T.C. 329, 339 (2000).  Petitioner timely filed his petition with this Court pursuant to section 6330(d)(1), and, because he was not issued a notice of deficiency and did not otherwise have the opportunity to dispute the underlying tax liability, petitioner may challenge the additions to tax.  See id.; sec. 6330(c)(2)(B); Montgomery v. Commissioner, 122 T.C. 1, 8-10 (2004).

Where the validity of the underlying tax liability is properly at issue, the Court will review the matter de novo. Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 181 (2000).  Where the validity of the underlying tax liability is not properly at issue, however, the Court will review the Commissioner's administrative determination for abuse of discretion.  Sego v. Commissioner, supra; Goza v. Commissioner, supra.

We shall review de novo whether petitioner is liable for the additions to tax under section 6651.  See Downing v. Commissioner, 118 T.C. 22, 29 (2002); Goodwin v. Commissioner; T.C. Memo. 2003-289; Joye v. Commissioner, T.C. Memo. 2002-14. If we find that petitioner is liable for the additions to tax, we

shall review respondent's administrative determination sustaining the Federal tax lien for abuse of discretion. See <u>Downing v. Commissioner</u>, <u>supra</u>; <u>Goodwin v. Commissioner</u>, <u>supra</u>; <u>Joye v. Commissioner</u>, <u>supra</u>.

<u>Issue 1: De Novo Review of Section 6651 Additions to Tax</u>

Respondent determined that petitioner is liable for additions to tax pursuant to section 6651(a)(1) and (2) for 1998. Section 6651(a)(1) imposes an addition to tax for failure to file a return by the date prescribed (determined with regard to any extension for time for filing). Section 6651(a)(2) imposes an addition to tax for failure to pay the amount shown as tax on a return by the date prescribed (determined with regard to any extension for time for filing). If petitioner establishes that the failure to timely file or pay is due to reasonable cause and not due to willful neglect, he can avoid the additions to tax. Sec. 6651(a)(1) and (2).

Section 7491(c) requires respondent to carry the burden of production with respect to any addition to tax for failure to file or pay. <u>Higbee v. Commissioner</u>, 116 T.C. 438, 446-447 (2001). To meet his burden of production, respondent must come forward with sufficient evidence indicating that it is appropriate to impose the additions to tax. <u>Id.</u> Once respondent meets this burden, petitioner must come forward with evidence sufficient to persuade the Court that respondent's determination

is incorrect.  <u>Id.</u>

The parties stipulate that petitioner filed his 1998 tax return 2 years late.  In addition, the parties stipulate that petitioner has not fully paid his 1998 tax liability.  We find that, on these facts, respondent met his burden of production under section 7491(c).  As a result, petitioner must come forward with evidence sufficient to persuade the Court that respondent's determination that petitioner is liable for the section 6651(a)(1) and (a)(2) additions to tax is incorrect.

A showing of reasonable cause requires the petitioner to demonstrate that he exercised ordinary business care and prudence, but nevertheless was unable to file or pay the tax within the prescribed time.  Sec. 301.6651-1(c)(1), Proced. & Admin. Regs.  For illness to constitute reasonable cause for failure to file, petitioner must show that it incapacitated him to such a degree that he could not file his returns.  <u>Williams v. Commissioner</u>, 16 T.C. 893, 905-906 (1951); see, e.g., <u>Joseph v. Commissioner</u>, T.C. Memo. 2003-19 ("Illness or incapacity may constitute reasonable cause if the taxpayer establishes that he was so ill he was unable to file."); <u>Black v. Commissioner</u>, T.C. Memo. 2002-307 ("[W]e are unpersuaded that illness is the cause of petitioners' continuing delinquency."), affd. 94 Fed. Appx. 968 (3d Cir. 2004); <u>Watts v. Commissioner</u>, T.C. Memo. 1999-416 ("[A] taxpayer's selective inability to perform his or her tax

obligations, while performing their regular business, does not excuse failure to file."); <u>Wright v. Commissioner</u>, T.C. Memo. 1998-224 ("[T]he duration of the incapacity must approximate that of the failure to file."), affd. 173 F.3d 848 (2d Cir. 1999).

Petitioner's argument that the delay in filing and payment was due to reasonable cause was based solely on his 1996 surgery, the accompanying illness, and his inability to work for 4 months. However, after his recovery, petitioner was able to continue his legal practice, pay business expenses, manage two rental properties, and take care of two minor children. Petitioner's health problems in 1996 do not explain his failure to timely file or pay for 1998, nor his repeated failures to contact respondent's Appeals Office in 2003. On the basis of the facts presented, we conclude that petitioner did not have reasonable cause for his delay in filing and paying taxes.

<u>Issue 2: Abuse of Discretion Review of Respondent's Determination</u>

Because petitioner is liable for the additions to tax, we shall review respondent's administrative determination sustaining the Federal tax lien for abuse of discretion. Section 6321 imposes a Federal tax lien in favor of the United States on all property and rights to property of any person when a demand for payment of an outstanding tax liability has been made and the person fails to pay those taxes.

Petitioner has offered no evidence indicating that

respondent abused his discretion in sustaining the Federal tax lien. Petitioner has yet to pay his outstanding tax liability for 1998. While an installment agreement has been entered into for petitioner's outstanding tax liability, that agreement does not preclude respondent from maintaining a lien while taxes are still outstanding. Secs. 6322 and 6323(j); cf. sec. 301.6323(j)-1, Proced. & Admin. Regs. (Commissioner may withdraw a notice of Federal tax lien under certain conditions). On the basis of the facts presented, we hold that respondent did not abuse his discretion in upholding the Federal tax lien.

We have considered all of petitioner's contentions, arguments, and requests, and to the extent that they are not discussed herein, we conclude them to be moot, irrelevant, or without merit.

To reflect the foregoing,

An appropriate order of dismissal and decision will be entered.

[Reporter's Note: This report was amended by order dated August 3, 2005.]