T.C. Summary Opinion 2007-188


UNITED STATES TAX COURT


KENNETH HOLTEN BLACK AND MARIE K. MORILUS BLACK, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 8251-06S.                    Filed November 5, 2007.


Kenneth Holten Black and Marie K. Morilus Black, pro sese.

John M. Janusz, for respondent.


DEAN, Special Trial Judge:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.  Unless otherwise indicated, subsequent section references

are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the exhibits received into evidence are incorporated herein by reference. At the time the petition was filed, petitioners resided in Williamsville, New York.

Petitioners filed a joint Form 1040, U.S. Individual Income Tax Return, for 2004. The Internal Revenue Service (IRS) assessed the $24,143 tax shown on the return. The IRS assessed the following additional amounts: (1) A $143 addition to tax for failure to pay estimated tax; (2) a $115.96 addition to tax for failure to pay timely; and (3) $86.09 in accrued interest. After the application of a $12,547 credit for withholding taxes, the additional assessments resulted in an $11,941.05 unpaid balance.

The IRS sent petitioners a notice and demand for payment within 60 days of the assessment. In response, petitioners submitted an offer-in-compromise (OIC) on September 13, 2005, which the IRS rejected, and petitioners appealed. While petitioners' appeal was pending, the IRS filed a Notice of Federal Tax Lien (NFTL) at the Erie County Clerk, Buffalo, New York, on October 20, 2005. The IRS issued to petitioners a Letter 3172(DO), Notice of Federal Tax Lien Filing and Your Right

to a Hearing under IRC 6320, on October 21, 2005. In response, petitioners submitted a timely Form 12153, Request for a Collection Due Process Hearing, on November 9, 2005.

Petitioners' hearing was held on January 18, 2006. Pursuant to the parties' discussions, petitioners signed a Form 433-D, Installment Agreement, on February 10, 2006. Petitioners, via a letter dated February 9, 2006, requested that the NFTL be withdrawn because the lien's filing would adversely affect their credit rating and could cause them financial hardship. Additionally, petitioners expressed their concern that a lien could affect their ability to secure college loans on their son's behalf. In response, the IRS sent petitioners a Letter 3193, Notice of Determination Concerning Collection Action(s) Under Section 6320 (notice of determination), on March 28, 2006. The Notice of Determination sustained the NFTL and rejected petitioners' withdrawal request. Thereafter, petitioners timely filed a petition with the Court.

The issues for decision are whether the Appeals officer abused his discretion in: (1) Sustaining the NFTL; and (2) determining that the NFTL should not be withdrawn.

## Discussion

Section 6321 imposes a lien in favor of the United States on all property and rights to property of a person liable for any tax, additions to tax, penalties, interest, and costs that may

accrue in addition thereto if there has been a demand for payment and the person has failed to pay. The lien arises at the time of assessment. Sec. 6322. In order for the Federal tax lien to have priority over other liens or security interests, the IRS must file an NFTL. Sec. 6323(a); Behling v. Commissioner, 118 T.C. 572, 575 (2002).

Generally, section 6320(a) states that the IRS must give the person against whom a Federal tax lien is filed written notice of the lien's filing within 5 days after the date of its filing. Section 6320(b) also provides the taxpayer with an opportunity for a hearing before the Office of Appeals. The hearing is conducted pursuant to subsections (c), (d), and (e) of section 6330. Sec. 6320(c).

At the hearing, the taxpayer may raise any relevant issue relating to the unpaid tax including: (1) Challenges to the appropriateness of the IRS's collection actions; and (2) offers of collection alternatives (i.e., an installment agreement, offer-in-compromise, the posting of a bond, or the substitution of other assets). Sec. 6330(c)(2)(A)(ii) and (iii); sec. 301.6330-1(e)(3), Q&A-E6, Proced. & Admin. Regs. The Appeals officer must consider the following in his determination: (1) Whether any applicable law or administrative procedure has been followed; (2) the issues properly raised by the taxpayer; and (3) whether the proposed collection action balances the need

for the efficient collection of taxes with the taxpayer's legitimate concern that the collection action be no more intrusive than necessary. Sec. 6330(c)(3).

A taxpayer may appeal the IRS's determination with this Court within a 30-day period starting on the day after the date of the Notice of Determination. Secs. 6320(c), 6330(d)(1). In reviewing the IRS's determination, the Court applies an abuse of discretion standard when the underlying tax liability is not at issue. Sego v. Commissioner, 114 T.C. 604, 610 (2000). Pursuant to this standard, petitioners must prove that the filing of the NFTL and the rejection of their withdrawal request was arbitrary, capricious, or without sound basis in fact or law. See Woodral v. Commissioner, 112 T.C. 19, 23 (1999).

1. Filing of the NFTL

Petitioners contend that respondent's Appeals officer abused his discretion by sustaining the NFTL.

The applicable laws and administrative procedures were satisfied. The parties agree that petitioners received the required notice and demand for payment within the 60-day timeframe mandated by section 6303. And the record shows that petitioners received notice of the lien's filing and their right to request a hearing within the 5-day period prescribed by section 6320.

The Appeals officer considered petitioners' challenge to the appropriateness of the NFTL, noting that petitioners requested that the NFTL be withdrawn and not reinstated unless they defaulted on their installment agreement. They were concerned about the negative effect the NFTL might have on their credit rating and the impact it might have on their ability to secure college loans for their son. The Appeals officer concluded that petitioners' reasons for withdrawal did not satisfy the conditions authorizing withdrawal. The NFTL's filing was not premature because "[an] overpayment or [other] credit was not available" and the NFTL could be maintained in conjunction with the installment agreement without hindering collection of the liability. See sec. 6323(j); sec. 301.6323(j)-1(b), Proced. & Admin. Regs.

The Appeals officer also considered petitioners' prior submission of a collection alternative. The record shows that an OIC had been submitted and was determined to be unacceptable. Petitioners did not meet the criteria for an OIC because they had the ability to pay the liability in full. The Commissioner had also determined that petitioners could obtain an installment agreement that would pay the liability in full within the time prescribed by section 6502(a) and would not impose a financial hardship on petitioners. Cf. secs. 301.6343-1(b)(4), 301.7122-1(b) and (c), Proced. & Admin. Regs.

The Appeals officer balanced the need for efficient collection of taxes against petitioners' concern over the NFTL's intrusiveness. The Appeals officer testified that the lien was filed to protect the Government's interest:  his research indicated that petitioners were subject to the claims of competing creditors and petitioners could become liable to the State of New York for additional tax for the same year.  The Appeals officer testified that since petitioners' OIC had been rejected, he concluded that an installment agreement was in their best interest because penalties and interest were accruing during the pendency of the IRS's acceptance, and the installment agreement would forestall the IRS's proposed levy action.

Finally, Form 656, Offer in Compromise, which petitioners signed, specifically states that an NFTL "may be filed at any time while your offer is being considered".

Therefore, the Court concludes that respondent's Appeals officer did not abuse his discretion in upholding the NFTL. Accordingly, respondent's determination is sustained.

2. <u>Withdrawal of the NFTL</u>

In pertinent part, section 6323(j) provides that the IRS may withdraw an NFTL if it determines:  (1) The filing of the NFTL was premature or not in accordance with administrative procedures; (2) the taxpayer has entered into an installment agreement, unless the agreement provides otherwise; (3)

withdrawal will facilitate collection; or (4) with the taxpayer's consent the lien's withdrawal "would be in the best interests of the taxpayer * * * and the United States."

Petitioners contend that respondent's Appeals officer abused his discretion when he refused to withdraw the NFTL because: (1) The NFTL's filing was premature; (2) an installment agreement was subsequently agreed to; and (3) it would be in petitioners' and the United States' best interests to remove the NFTL due to the damage it would cause to petitioners' credit rating.

The NFTL was not filed prematurely. Petitioners' tax liability was assessed, and notice and demand for payment was mailed to petitioners within 60 days of the assessment. The IRS issued a Notice 504, Balance Due-Urgent; a Letter 1058, Final Notice of Intent to Levy; as well as A Notice of Federal Tax Lien and Your Right to a Hearing under IRC 6320. The lien's filing occurred after assessment and notice and demand; at each step, petitioners were properly notified.

Entering into an installment agreement does not preclude the filing of an NFTL, nor is the IRS required to withdraw an NFTL after an installment agreement has become effective. Sec. 6323(j)(1); see also Ramirez v. Commissioner, T.C. Memo. 2005-179; Stein v. Commissioner, T.C. Memo. 2004-124. Section 6323(j)(1) is permissive: the IRS "may" withdraw an NFTL, but failure to do so is not an abuse of discretion. Sec. 6323(j)(1);

sec. 301.6323(j)-1(c), Proced. & Admin. Regs.; see also <u>Crisan v. Commissioner</u>, T.C. Memo. 2007-67.

Finally, petitioners did not submit any evidence to demonstrate that the withdrawal would facilitate collection or would be in the best interests of the taxpayer <u>and the United States</u>. Petitioners testified that the NFTL may cause their interest rates to increase on their other debts so withdrawal of the NFTL would help them and in turn the United States. But petitioners' assertion that the withdrawal of the lien would facilitate collection and would be in the United States' best interest is only conjectural. There has been no showing that the filing of the lien has in fact caused the interest rates on their other obligations to increase sufficiently to impair collection.

The Court concludes that respondent's Appeals officer did not abuse his discretion in refusing to withdraw the NFTL. Accordingly, respondent's determination is sustained.

To reflect the foregoing,

<u>An appropriate decision will be entered</u>.