T.C. Summary Opinion 2011-69


UNITED STATES TAX COURT



KRISTEN KATHY BLACK, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 8608-10S.              Filed June 14, 2011.



Kristen Kathy Black, pro se.

<u>Nick G. Nilan</u>, for respondent.



HAINES, <u>Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and

---

[1]Unless otherwise indicated, section references are to the Internal Revenue Code as amended.

this opinion shall not be treated as precedent for any other case.

Petitioner filed a petition with this Court in response to a Notice of Determination concerning Collection Action(s) Under Sections 6320 and/or 6330 (notice of determination) for 2006. Pursuant to section 6330(d), petitioner seeks review of respondent's determination that respondent's settlement officer did not abuse her discretion in sustaining the filing of a notice of Federal tax lien and denying an installment agreement.

## Background

Petitioner maintained her legal residence in the State of Washington at the time her petition was filed.

Petitioner filed her 2006 Form 1040, U.S. Individual Income Tax Return, on August 12, 2008, reporting tax due of $10,228. Petitioner did not make any payments with her tax return for 2006, and the tax was assessed on September 15, 2008. Previously petitioner had requested and received an extension of time to file her 2007 Form 1040, extending the due date to October 15, 2008.

Petitioner attempted to resolve her 2006 tax liability through the use of an installment agreement. An installment agreement was entered into on September 10, 2008, but she defaulted on the agreement and it terminated on March 2, 2009. On that date, respondent issued a notice of intent to levy for

2006. Petitioner did not request a collection due process hearing with respect to the notice of intent to levy.

On March 6, 2009, an Internal Revenue Service (IRS) employee spoke with petitioner about the collection of her outstanding tax liability. Petitioner informed the employee that she was not working and could not pay off the tax liability. The employee requested current financial information, but petitioner did not have the information available at the time of the call. The employee mailed petitioner a Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, and advised her to call back no later than March 16, 2009. The employee also informed petitioner that respondent had not received her 2007 tax return. Petitioner was advised that she needed to file her 2007 return and was warned of possible lien and levy enforcement actions.

Levies were made with respect to petitioner's 2006 tax liability on May 22 and July 6, 2009, of $1,152.03 and $495.87, respectively. On June 16, 2009, petitioner requested another installment agreement to resolve her 2006 income tax liability. She was informed that an installment agreement could not be granted until the delinquent 2007 return was filed. A deadline of July 16, 2009, was set for petitioner to file her delinquent return. Petitioner was informed that this date would be the ultimate deadline to file and was again warned of possible lien

and levy enforcement actions. Respondent did not receive petitioner's 2007 return until October 14, 2009, 3 months after the July 16, 2009, deadline.

On October 2, 2009, a notice of Federal tax lien was filed against petitioner with respect to the tax liability for 2006. On October 6, 2009, respondent issued a Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320 (CDP notice). The CDP notice advised petitioner that a notice of Federal tax lien had been filed and that she could request a hearing with the IRS Office of Appeals.

Petitioner filed a Form 12153, Request for a Collection Due Process or Equivalent Hearing, dated October 20, 2009. On the Form 12153, petitioner checked the box for lien withdrawal and for an installment agreement as a collection alternative. Enclosed with petitioner's Form 12153 was a Form 12412, Operations Assistance Request, from Letitia Sanches of the Taxpayer Advocate Service, requesting that Ms. Sanches be contacted if anything additional was required.

On December 28, 2009, respondent's settlement officer sent petitioner a letter scheduling a telephone conference for January 19, 2010. The letter informed petitioner that withdrawal of the notice of Federal tax lien could be considered during the hearing and enclosed a Form 12277, Application for Withdrawal of Filed Form 668(Y), Notice of Federal Tax Lien. The letter also advised

petitioner that in order for the settlement officer to consider alternative collection methods, petitioner must have filed all Federal tax returns required to be filed. In addition, the letter specifically requested petitioner to provide a completed Form 433-A and a copy of her 2008 tax return by January 11, 2010, in order for the settlement officer to consider collection alternatives. The settlement officer never requested or received any additional information from Ms. Sanches regarding petitioner's hearing.

On January 22, 2010, the settlement officer sent a letter to petitioner informing her that she had not received a telephone call or any of the requested information for the hearing. The letter requested petitioner to provide any information for consideration within 14 days.

On February 18, 2010, petitioner faxed a letter to the settlement officer explaining that she had recently been out of the country. The letter informed the settlement officer that petitioner would call on February 22, 2010, to discuss her case. The settlement officer did not receive a telephone call or voice message and did not receive petitioner's delinquent 2008 tax return or any of the requested financial information

On March 11, 2010, respondent's Office of Appeals issued to petitioner a notice of determination that sustained the filing of the notice of Federal tax lien for 2006. In response to the

notice of determination, petitioner timely mailed her petition to this Court on April 9, 2010, and it was filed on April 12, 2010. See sec. 6330(d)(1); sec. 301.6330-1(f), Proced. & Admin. Regs. Petitioner does not dispute the underlying tax liability for 2006.

Discussion

I.   Standard of Review

Because the underlying tax liability is not at issue, this Court's review under section 6330 is for abuse of discretion. See Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 182 (2000).  This standard requires the Court to decide whether the settlement officer's denial of petitioner's requests to withdraw the Federal tax lien and consider an installment agreement was arbitrary, capricious, or without sound basis in fact or law.  See Woodral v. Commissioner, 112 T.C. 19, 23 (1999); Keller v. Commissioner, T.C. Memo. 2006-166, affd. in part 568 F.3d 710 (9th Cir. 2009); Fowler v. Commissioner, T.C. Memo. 2004-163.

II.  Withdrawal of Notice of Federal Tax Lien

The Federal Government obtains a lien against "all property and rights to property, whether real or personal" of any person liable for Federal taxes upon demand for payment and failure to pay.  Sec. 6321; Iannone v. Commissioner, 122 T.C. 287, 293 (2004).  The lien arises automatically on the date of assessment

and continues until the tax liability is satisfied or the statute of limitations bars enforcement of the lien.  Id.  The notice of Federal tax lien is filed with the appropriate State office or other government office in order to validate the lien against any purchaser, holder of a security interest, mechanic's lienor, or judgment lien creditor.  See sec. 6323(a); Lindsay v. Commissioner, T.C. Memo. 2001-285, affd. 56 Fed. Appx. 800 (9th Cir. 2003).

Section 6323(j)(1) provides in pertinent part:

> SEC. 6323(j). Withdrawal of Notice in Certain Circumstances.--
>
> > (1) In general.--The Secretary may withdraw a notice of a lien filed under this section * * * if the Secretary determines that--
> >
> > > (A)  the filing of such notice was premature or otherwise not in accordance with administrative procedures of the Secretary,
> > >
> > > (B) the taxpayer has entered into an agreement under section 6159 to satisfy the tax liability for which the lien was imposed by means of installment payments, unless such agreement provides otherwise,
> > >
> > > (C) the withdrawal of such notice will facilitate the collection of the tax liability, or
> > >
> > > (D) with the consent of the taxpayer or the National Taxpayer Advocate, the withdrawal of such notice would be in the best interests of the taxpayer (as determined by the National Taxpayer Advocate) and the United States.

An income tax liability was assessed against petitioner for 2006 on September 15, 2008.  Respondent issued a notice of levy on March 2, 2009, to which petitioner did not respond.  A notice of Federal tax lien was filed on October 2, 2009.  Filing of the tax lien took place after assessment and notice and demand, and at each step petitioner was properly notified.  Therefore, the notice of Federal tax lien was not filed prematurely.

Entering into an installment agreement does not preclude the filing of a Federal tax lien, nor is the Commissioner required to withdraw a Federal tax lien after an installment agreement has become effective.  See Crisan v. Commissioner, T.C. Memo. 2007-67; Ramirez v. Commissioner, T.C. Memo. 2005-179; Stein v. Commissioner, T.C. Memo. 2004-124.  There is no evidence suggesting that the filing of the notice of Federal tax lien would impair petitioner's ability to pay her outstanding liabilities.

Section 6323(j)(1) is permissive.  The Commissioner "may" withdraw a Federal tax lien pursuant to section 6323(j)(1), but the settlement officer's denial of petitioner's request to have the Federal tax lien withdrawn was not arbitrary, capricious, or without sound basis in fact or law.  On the facts presented, this Court holds that the settlement officer did not abuse her discretion in sustaining the filing of the notice of Federal tax

lien.  See <u>Crisan v. Commissioner</u>, <u>supra</u>; <u>Ramirez v. Commissioner</u>, <u>supra</u>; <u>Stein v. Commissioner</u>, <u>supra</u>.

## III. <u>Installment Agreement</u>

Generally, a taxpayer must be in compliance with all filing requirements and must provide requested financial information before an installment agreement may be considered.[2]  See <u>Giamelli v. Commissioner</u>, 129 T.C. 107, 111 (2007); <u>Orum v. Commissioner</u>, 123 T.C. 1, 13 (2004), affd. 412 F.3d 819 (7th Cir. 2005). Petitioner has not shown that the filing requirements for all required tax returns have been met, nor has she provided the financial information necessary to support the granting of an installment agreement.  The settlement officer's denial of an installment agreement was not arbitrary, capricious, or without sound basis in fact or law.  Therefore, the settlement officer did not abuse her discretion.

In reaching these holdings, the Court has considered all arguments made and, to the extent not mentioned, concludes that they are moot, irrelevant, or without merit.

---

[2]Collection alternatives may be considered where a taxpayer alleges that collection of the liability would create undue hardship.  Sec. 6343(a)(1)(D); <u>Vinatieri v. Commissioner</u>, 133 T.C. 392, 401 (2009).  A taxpayer must submit complete and current financial data to the Commissioner to prove undue hardship.  <u>Vinatieri v. Commissioner</u>, <u>supra</u> at 398.  Petitioner has not submitted complete and current financial data to respondent.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.