T.C. Memo. 2019-166

UNITED STATES TAX COURT

MICHAEL GORDON BANKS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5783-18L.                    Filed December 19, 2019.

Michael Gordon Banks, pro se.

<u>Sharyn M. Ortega</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

KERRIGAN, <u>Judge</u>:  This collection due process (CDP) case was
commenced in response to a Notice of Determination Concerning Collection
Action(s) Under Section 6320 and/or 6330 (notice of determination) dated
February 27, 2018, sustaining the filing of a Federal tax lien in relation to
petitioner's unpaid tax liabilities for 2013 and 2015 (years at issue).  The issue for

**[\*2]** our consideration is whether respondent's determination to sustain the collection action was proper.

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect at all relevant times. We round all monetary amounts to the nearest dollar.

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference.[1] Petitioner resided in California when he timely filed his petition.

On May 30, 2017, respondent sent petitioner a Notice of Federal Tax Lien Filing and Notice of Your Right to a Hearing Under IRC 6320 regarding petitioner's unpaid tax liabilities of $368 for 2013 and $21,917 for 2015. Petitioner timely filed a Form 12153, Request for a Collection Due Process or Equivalent Hearing. On the Form 12153 petitioner indicated that he was interested in an offer-in-compromise as well as a withdrawal of the notice of Federal tax lien (NFTL). He contended that the NFTL was not properly filed.

Petitioner's CDP hearing request was assigned to a settlement officer. On September 27, 2017, the settlement officer mailed petitioner a letter advising him

---

[1]These facts are relevant portions of the administrative record.

[*3] that his CDP hearing request was being postponed until action was taken on his offer-in-compromise, which was pending before the start of collection proceedings.[2]  When petitioner had requested an offer-in-compromise, he was advised that while his offer was being investigated, an NFTL might be filed to protect the Government's interest.  Subsequently, the settlement officer found out that petitioner's offer-in-compromise had been previously rejected and that he had requested an appeal of the rejection.  Petitioner's appeal of his rejection was then reassigned to the same settlement officer who was handling the CDP hearing request.

The settlement officer reviewed petitioner's Form 13711, Request for Appeal of Offer in Compromise.  On November 13, 2017, the settlement officer sent petitioner a letter scheduling a telephone CDP hearing for December 14, 2017.  The letter explained to petitioner that his rejected offer-in-compromise had been reviewed and that there was no change to the determination.  The letter

---

[2]Petitioner filed a Form 656, Offer in Compromise, on November 16, 2016. On July 11, 2017, respondent sent petitioner a letter stating that his offer-in-compromise could not be accepted and that if he did not contact respondent within 10 days, his offer would continue to be processed on the basis of the information petitioner had already submitted.  On August 14, 2017, respondent's Centralized Offer in Compromise unit (COIC) issued petitioner a letter stating that his offer was rejected because he had net equity of $110,960 available to pay his $23,431 tax liability in full.  On September 11, 2017, petitioner appealed the rejection.

[*4] further stated that his balance due accounts could be placed in currently noncollectible (CNC) status, resulting in suspension of collection action, and that his accounts could be removed from CNC status if his financial status improved.

On December 1, 2017, petitioner sent the settlement officer a letter addressing his disagreements regarding the rejection of his offer-in-compromise. In the letter petitioner alleged that respondent might have engaged in criminal activity and requested that the CDP hearing be delayed. In response to petitioner's letter the settlement officer sent petitioner a letter rescheduling the CDP hearing for January 9, 2018. The letter reiterated the offer to place his balance due accounts in CNC status.

On December 12, 2017, petitioner sent the settlement officer another letter expressing his concerns about the rejection of his offer-in-compromise. His letter did not include financial documents in support of his position.

In preparation for the CDP hearing the settlement officer reviewed the offer-in-compromise and concluded that it was rejected properly because petitioner had sufficient net equity in his assets of $110,960 available to pay his $23,431 outstanding tax liability in full. The CDP hearing was held on January 9, 2018. The settlement officer explained to petitioner that she had not received any additional information to support petitioner's appeal of the rejection of his offer-

[*5] in-compromise.  Petitioner did not raise his underlying liabilities but argued that the filing of the NFTL was premature and that the NFTL should be withdrawn.

After the hearing petitioner sent the settlement officer a letter complaining about respondent's Fresh Start Program.  With the letter he sent various attachments, including a letter he had received from the Taxpayer Advocate Service (TAS).  The TAS letter, dated August 10, 2017, was in response to petitioner's inquiry dated July 7, 2017.  The letter informed petitioner that his offer-in-compromise was being rejected.  The letter further stated:  "The IRS has determined that the lien should be withdrawn."

Upon receipt of petitioner's letter the settlement officer followed up with the TAS regarding the status of the NFTL withdrawal.  She attempted to contact the appropriate person with the TAS and left a message regarding the NFTL.  The settlement officer concluded that there was no new financial information in support of petitioner's appeal of the rejection of his offer-in-compromise.  The settlement officer verified that all legal and procedural requirements had been met and the collection action taken was appropriate under the circumstances.

[*6]   On February 27, 2018, respondent issued to petitioner the notice of determination sustaining the NFTL filing for the years at issue.[3]  Petitioner raised the following issues in his petition:  (1) an agent of respondent falsified information; (2) the balance due does not reflect amounts that have been paid; (3) his ability to pay should be considered; and (4) the amount of the lien for 2013 is inaccurate and the lien should be withdrawn as referenced in the letter from the TAS.[4]

OPINION

I.   Standard of Review

The Secretary is required to provide a taxpayer with written notice of the filing of an NFTL against the taxpayer's property or rights to property.  Sec. 6320(a)(1).  The notice must also inform the taxpayer of his or her right to a CDP hearing before an impartial officer or employee of the Appeals Office.  Sec. 6320(a)(3), (b).  At the CDP hearing the taxpayer may raise any relevant issue relating to the unpaid tax or the NFTL, including spousal defenses, challenges to

---

[3]The chart on page 1 of the Appeals Case Memorandum attached to respondent's notice of determination contains a typographical error, listing tax year 2016 where it should list 2015.

[4]In his petition, petitioner incorrectly refers to separate liens for tax years 2013 and 2015.  Respondent filed only one NFTL regarding petitioner's unpaid tax liabilities for both years at issue.

**[\*7]** the appropriateness of the collection action, and offers of collection alternatives. Secs. 6320(b)(4), 6330(c)(2)(A). The taxpayer may challenge the existence or the amount of the underlying tax liability for any period only if he or she did not receive a notice of deficiency or did not otherwise have an opportunity to dispute the liability. Sec. 6330(c)(2)(B); Sego v. Commissioner, 114 T.C. 604, 609 (2000).

Following the hearing the settlement officer must determine whether proceeding with the proposed collection action is appropriate. In making that determination the settlement officer is required to take into consideration: (1) whether the requirements of any applicable law or administrative procedure have been met, (2) any relevant issues raised by the taxpayer, and (3) whether the proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the taxpayer that the collection action be no more intrusive than necessary. Secs. 6320(c), 6330(c); see also Lunsford v. Commissioner, 117 T.C. 183, 184 (2001).

The Court considers an underlying liability on review only if the taxpayer properly raised the issue during the CDP hearing. Sec. 301.6320-1(f)(2), Q&A-F3, Proced. & Admin. Regs.; see also Giamelli v. Commissioner, 129 T.C. 107,

[*8] 115 (2007). Petitioner did not raise the underlying liabilities for the years at issue during his CDP hearing.

Where the validity of the underlying tax liability is not at issue, we review the settlement officer's administrative determinations regarding nonliability issues for abuse of discretion. Sego v. Commissioner, 114 T.C. at 610. Abuse of discretion exists when a determination is arbitrary, capricious, or without sound basis in fact or law. See Murphy v. Commissioner, 125 T.C. 301, 320 (2005), aff'd, 469 F.3d 27 (1st Cir. 2006). The Court does not conduct an independent review and substitute its judgment for that of the settlement officer. Id. If the settlement officer follows all statutory and administrative guidelines and provides a reasoned, balanced decision, the Court will not reweigh the equities. Link v. Commissioner, T.C. Memo. 2013-53, at *12. The settlement officer verified that all legal procedures were followed.

This Court may review the settlement officer's verification under section 6330(c)(1) without regard to whether the taxpayer raised it at the CDP hearing. Secs. 6320(c), 6330(c)(1), (3)(A); see also Hoyle v. Commissioner, 131 T.C. 197, 202-203 (2008), supplemented by 136 T.C. 463 (2011). A settlement officer is required to base the notice of determination, in part, on the verification obtained under section 6330(c)(1) by ensuring that all legal requirements have been met.

**[*9]** Hoyle v. Commissioner, 131 T.C. at 201-202; see also sec. 6320(c). The section 6330(c)(1) verification is required for every determination. Hoyle v. Commissioner, 131 T.C. at 202.

## II.    Scope of Review

Absent a stipulation to the contrary, an appeal in this case would normally lie with the U.S. Court of Appeals for the Ninth Circuit. See sec. 7482(b)(1)(G)(i). Under Ninth Circuit precedent the scope of our review is generally limited to the administrative record. See Keller v. Commissioner, 568 F.3d 710, 718 (9th Cir. 2009) (adopting Robinette v. Commissioner, 439 F.3d 455, 459-460 (8th Cir. 2006), rev'g 123 T.C. 85 (2004)), aff'g in part as to this issue T.C. Memo. 2006-166, and aff'g in part, vacating in part decisions in related cases. Section 301.6330-1(f)(2), Q&A-F4, Proced. & Admin. Regs., defines the administrative record as Appeals' case file, including "any * * * documents or materials relied upon by the Appeals officer * * * in making the determination under section 6330(c)(3)".

## III.   Abuse of Discretion

### A.    Rejection of the Offer-in-Compromise

Section 7122(a) authorizes the Secretary to compromise any civil or criminal case arising under the internal revenue laws. Regulations implementing

**[*10]** section 7122 set forth three grounds for the compromise of a liability: (1) doubt as to liability, (2) doubt as to collectibility, and (3) promotion of effective tax administration. Sec. 301.7122-1(b), Proced. & Admin. Regs. Doubt as to collectibility exists where the taxpayer's assets and income are less than the full amount of the liability. Id. subpara. (2). The offer must include all unpaid tax liabilities and periods for which the taxpayer is liable. Murphy v. Commissioner, 125 T.C. at 309; see also Internal Revenue Manual (IRM) pt. 5.8.1.7(1) (Jan. 1, 2016).

Pursuant to the authority granted in section 7122(d) the Secretary has developed guidelines and procedures to evaluate the adequacy of an offer-in-compromise, including regulations, the IRM, and other publications used by the Internal Revenue Service (IRS). See also Rev. Proc. 2003-71, sec. 2.02, 2003-2 C.B. 517, 517. The IRM informs a settlement officer that the COIC unit determines whether an offer-in-compromise is processable.

If the COIC rejects an offer-in-compromise as not being processable, a taxpayer may appeal the decision to the IRS Office of Appeals, which will consider disputed items and make a final determination following IRM pt. 8.23.3.3, Appeals OIC Evaluation Procedures. IRM pt. 8.22.7.10.1.1(3) (Sept. 23, 2014). In making a final determination the settlement officer should consider any

[*11] new information, particularly if it pertains to an issue disputed at the time of rejection. IRM pt. 8.23.3.3(5) (Aug. 18, 2017). The settlement officer reviews the taxpayer's offer-in-compromise to determine whether the basis for the rejection was appropriate. IRM pt. 5.8.12.6.1(1) (Apr. 26, 2018). The settlement officer should assess whether the determination of the taxpayer's reasonable collection potential is fully supported by the documented facts and circumstances in the case file. IRM pt. 5.8.12.6.1(3) (Oct. 28, 2014).

We conclude that the settlement officer's decision to sustain the COIC's rejection of petitioner's offer-in-compromise was not an abuse of discretion. On the Form 656 petitioner offered to pay $12,000 to settle his $23,431 of outstanding tax liabilities. The COIC had rejected petitioner's offer-in-compromise because petitioner had assets that would allow him to pay his tax liabilities in full. The settlement officer reviewed petitioner's case file and determined that his offer-in-compromise was properly rejected because of the valuation of his assets, which showed that he had net equity of $110,960 available to pay his outstanding tax liabilities in full.

Petitioner contends that respondent falsified information, but he never produced evidence of any criminal activity. He asserted that his ability to pay should be considered even though he did not dispute the asset valuation, which is

[*12] sufficient grounds for rejecting his $12,000 offer. Nevertheless, the settlement officer provided petitioner with an opportunity to produce additional information to show that the COIC's rejection was inappropriate in accordance with the procedures laid out in IRM pt. 8.23.3.3(5). The settlement officer also provided petitioner additional time to prepare for the CDP hearing when petitioner requested an extension.

Petitioner did not provide any new information to support his dispute of the COIC's rejection. The settlement officer's offer to place petitioner's account in CNC status and suspend collection activities demonstrates respondent's willingness to assess reasonably and fairly petitioner's ability to pay his tax liabilities. Accordingly, we find that the settlement officer did not abuse her discretion in sustaining the COIC's rejection of petitioner's offer-in-compromise.

B. Withdrawal of the NFTL

Section 6323(j)(1) provides in part:

In general.--The Secretary may withdraw a notice of a lien filed under this section and this chapter shall be applied as if the withdrawn notice has not been filed, if the Secretary determines that--

(A) the filing of such notice was premature or otherwise not in accordance with administrative procedures of the Secretary,

**[*13]**                (B) the taxpayer has entered into an agreement under section 6159 to satisfy the tax liability for which the lien was imposed by means of installment payments, unless such agreement provides otherwise,

               (C) the withdrawal of such notice will facilitate the collection of the tax liability, or

               (D) with the consent of the taxpayer or the National Taxpayer Advocate, the withdrawal of such notice would be in the best interests of the taxpayer (as determined by the National Taxpayer Advocate) and the United States.

Petitioner was advised in advance that a lien could be filed. Respondent provided petitioner with requisite notice within the required period.

Petitioner contends that the NFTL should not have been filed because he made an offer-in-compromise. Respondent contends that the NFTL was filed to protect the Government's interest. Section 6321 imposes a Federal tax lien in favor of the United States on all property and rights to property of any person when a demand for payment of an outstanding tax liability has been made and the person fails to pay. Petitioner has not paid his outstanding tax liabilities. The fact that petitioner made an offer-in-compromise did not preclude respondent from maintaining a lien while tax is still outstanding. See Ramirez v. Commissioner, T.C. Memo. 2005-179; sec. 301.6323(j)-1(c), Proced. & Admin. Regs.

[*14] Petitioner also contends the NFTL should be withdrawn as referenced in the TAS letter. However, petitioner did not produce any evidence to support removing the lien. His contention that the lien should be withdrawn in accordance with the TAS letter is without merit.

Section 6323(j)(1)(D) provides that an NFTL may be withdrawn if the Secretary determines that withdrawal would be in the best interests of both the taxpayer and the United States. While the statute requires the TAS to determine whether withdrawal would be in the best interest of the taxpayer, it also explicitly requires a determination by the Secretary or his designee that withdrawal is in the best interest of the United States. IRM pt. 5.12.9.3.4(1) (Oct. 14, 2013). Neither the Secretary nor his designee determined that the withdrawal of the NFTL was in the best interest of the United States.

Section 6323(j)(1) is permissive. Crisan v. Commissioner, T.C. Memo. 2007-67, slip op. at 7. The Commissioner may withdraw an NFTL pursuant to section 6323(j)(1), but respondent's failure to do so in this case is not an abuse of discretion. See id., slip op. at 7-8. We find that respondent followed proper procedures in accordance with the law with respect to the filing of the NFTL. The settlement officer did not abuse her discretion in sustaining the filing of the NFTL.

**[*15]** C.    <u>Conclusion</u>

We conclude the settlement officer did not abuse her discretion. We have considered all other arguments made in reaching our decision, and to the extent not discussed above, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Decision will be entered for</u>

<u>respondent</u>.